# *JOSE MARIA RUIZ, FRANCISCO RUIZ AND [355] MANUEL RUIZ, DOING BUSINESS AS "RUIZ, HERMANOS," RESPONDENTS, v. JOSHUA NORTON AND WILLIAM SIM, DOING BUSINESS AS "JOSHUA NORTON & CO." APPELLANTS.

[1] CONTRACT, ACTION ON.—In an action on a written contract to deliver a certain quantity of "sound" rice, the plaintiffs are bound to show that the rice was "sound," and failing to do so, they ought not to be allowed to recover on the contract.

[2] IDEM—RECOUPMENT OF DAMAGES.—In the case of a sale and delivery of a special cargo, with warranty, and a breach of the warranty, the plaintiffs might recover on the contract, and the defendants would be obliged to sue on the warranty, or in the same action to recoupe the damages, under proper averments in the pleadings.

PAROL EVIDENCE OF CONTRACT NOT ADMISSIBLE.—In the absence of any ambiguity on the face of the contract, parol evidence is inadmissible for the purpose of varying its terms, or of altering the liability created by it.

VENDOR AND VENDEE—REMEDY OF VENDOR.—Where the vendors cannot recover on their written contract, and there has been a partial delivery of the goods sold under it, they may recover the value of the goods so delivered, on a *quantum valebant*.

[3] PARTIES—PRINCIPAL MAY SUE.—A principal may sue in his own name on a contract in writing, made and signed by his agent without disclosing his principal; but in order to maintain the action, the principal must show the agency, and the power of the agent to bind him at the time. But in such a case, the defendant may make the same defenses against the newly discovered principal as he could against the agent with whom he dealt as principal.

EQUITY, REMEDY FOR WRONG COMMITTED.—When one of two innocent parties must suffer, it must be he who trusted most, or he whose misplaced confidence enabled the wrong to be committed.

APPEAL from the Fourth Judicial District.

This was an action brought by the plaintiffs Ruiz, against the defendants, Norton & Co., to recover the sum of $23,000 with interest, from January 21, 1853.

The complaint showed that on or about the 22d day of December, 1852, the defendants made and entered into the following contract, in writing, with the plaintiffs, through Godeffroy, Sillem & Co., their agents:

---

[1] Cited in *Moore v. McKinlay*, 5 Cal. 474.
[2] Cited in *Stoddard v. Treadwell*, 26 Cal. 305. See *Earl v. Bull*, 15 Cal. 425.
[3] Approved in *Crosby v. Watkins*, 12 Cal. 88. See 13 Kan. 567; 54 N. H. 571.

[356]        *"Bought of Messrs. Godeffroy, Sillem & Co.,
        (2000) two thousand bags Peruvian Rice, of 100 lbs.
each, more or less, as per sample, and the rice warranted
sound, at the price of (12½) twelve and a half cents per
pound; to be received on the wharf, as fast as the weather
permits the vessel to discharge, and to be carted to and
stored on board of the storeship 'Genessee,' for account and
risk of ourselves, and subject to Godeffroy, Sillem & Co's.
order.   Payment to be made, cash, before delivery of any
portion, and the whole quantity to be taken away and paid
for within thirty days from date.

                         "JOSHUA NORTON & Co.
    "San Francisco, December 22d, 1852."

Which contract was duly signed by defendants, and deliv-
ered by them to the said Godeffroy, Sillem & Co., the agents
of the plaintiffs in the premises.   That a similar contract
was at the same time executed and delivered by the said
Godeffroy, Sillem & Co., to the said defendants.   That the
plaintiffs delivered to the defendants, from on board the
vessel referred to in said contract, one hundred and eighty-
one bags of said rice, which defendants received and took
into their possession, and that afterwards they, the plaintiffs,
discharged the said vessel, and delivered to the defendants,
on a wharf in the City of San Francisco, the remainder of
said rice, which the defendants then and there received and
accepted, and stored at their own cost and charge, and for
their own account and risk, on board the said storeship
"Genessee," subject to the order of Godeffroy, Sillem & Co.
That defendants afterwards took from on board the said store-
ship, upon the order of the said Godeffroy, Sillem & Co.,
two hundred and seventy-one bags of said rice, and that the
remainder of said rice still remained on board of said store-
ship, subject, only so far as the plaintiffs are concerned, to
the lien of the plaintiffs, for the payment of the purchase
money thereof.   That the thirty days had expired.   That
the defendants had paid $2,000 on account, and though often
requested, had refused to pay the balance, $23,000.   That
the plaintiffs had in all things complied with and performed

said contract; had always been and still were ready
and will- *ing, and had offered to deliver the orders    [357]
of the said Godeffroy, Sillem & Co. for said rice, on
the payment, by the said defendants, of the said purchase
money therefor, etc.

The defendants, in their answer, denied all indebtedness
to the plaintiffs; admitted the making of the contract with
Godeffroy, Sillem & Co., but denied that they made it as
the agents of plaintiffs; and, also, that the plaintiffs ever
delivered or offered to deliver the rice in the said contract
described; or that they, the defendants, ever excepted any
other lot in lieu thereof; and also, that the plaintiffs ever
performed their undertakings and agreements, in said con-
tract contained,

The other facts, and the rulings of the Court in the case,
sufficiently appear in the opinion of the Court. The
plaintiffs obtained judgment for the amount of their claim;
and the defendants appealed.

*N. Bennett, Botts & Emmett,* for Appellants.

*McAllister, Williams & Rose,* for Respondents.

Mr. J. Heydenfeldt delivered the opinion of the Court.
Mr. Ch. J. Murray concurred.

In this case the plaintiffs sue upon a written contract,
wherein one of their stipulations is to deliver the defendants
a certain quantity of sound rice.

It will not be disputed that every one must be held bound
by the plain and obvious meaning of his engagements.
The plaintiffs, to maintain their action, must show that
they have done all which they agreed to do. But in this
suit they failed to show that the rice was sound, and the
defendants were not allowed to show that it was unsound.

This omission was a failure to make out their case, and
consequently they should not be permitted to recover on
the contract.

The District Court was probably led into error on account
of what is alleged to be a delivery of the whole amount sold,
in the shape of a particular cargo, and doubtless construed

it into the purchase of a special cargo; in which case
[358] the Court * would have been right in allowing the action to proceed on the contract, turning the defendants round to their action on the warranty, or allowing them in the same action to recoupe the damages under proper averments in the pleadings.

But the contract here declared on is not of that class. It is simply for the sale and delivery of so much sound rice, without specifying any particular rice, or any particular cargo; and in the absence of any ambiguity on the face of the contract, parol evidence was inadmissible for the purpose of varying its terms, or of altering the character of the liability which it created.

This view renders it unnecessary to consider whether there was a delivery or not. If there was, it is then very certain, that although the plaintiffs may not be allowed to recover on the contract, they may recover on a *quantum valebant.* (See *Poulson* v. *Lattimore*, 17 E. C. L. R.)

The next question to be considered is, whether the action was rightfully brought in the name of the present plaintiffs. The contract was in writing, made and signed by their agents, without disclosing the principal. Although the cases cited are conflicting, the best authority and soundest reasoning, I think, is in favor of the position that, in such cases, the principal may bring the action. But in order to maintain it, he must show the agency, and the power of the agent to bind him, at the time of making the contract, else there would be no mutuality, and consequently no contract.

Nor do I conceive that it would be permitted to put the defendant in any worse condition on account of a change of parties, of which he had no notice, and to which he had not assented. His defenses against the agent with whom he dealt as principal, must be also available against the newly discovered principal. In such cases, it is true, the principal may be the sufferer, but the rule is familiar that, where one of two innocent parties must suffer, it must be he who trusted most, or he whose misplaced confidence enabled the wrong to be committed.

Judgment reversed, and the cause remanded.