## RUAN vs. GUNN.

If a factor sells in his own name as owner, and does not disclose his principal, but acts ostensibly as the real owner himself, although the principal may afterwards bring his action on the contract against the purchaser, yet if the latter *bona fide* dealt with the factor as owner, he will be entitled to set off any claim he may have against the factor in answer to the demand of the principal.
(a.) The evidence sustains the verdict, and there was no abuse of discretion in refusing to set it aside.

April 27, 1886.

Principal and Agent. Factors. Vendor and Purchaser. Sales. Before Judge KIBBEE. Houston Superior Court. October Term, 1885.

Ruan brought suit against Gunn on an open account for guano. The defendant pleaded, among other things, that he had not bought the guano from the plaintiff, but from C. D. Anderson & Son, who were warehousemen, and who acted as principals and owners in making the sale to defendant, and were so believed to be by him; that no other principal was disclosed; that Anderson & Son were indebted to him, and it was his understanding and expectation that the price of the guano should be credited on this claim, and this was known both to Anderson & Son and Ruan. Several claims against Anderson & Son were pleaded as a set-off.

On the trial, the jury found for the defendant. Plaintiff moved for a new trial on the ground that the verdict was contrary to law and the evidence. The motion was overruled, and plaintiff excepted.

DESSAU & BARTLETT, for plaintiff in error.

HARDEMAN & DAVIS; A. L. MILLER, for defendant.

HALL, Justice.

The evidence sustains this verdict, and the judge did not abuse his discretion in refusing to set it aside. If the de-

fendant's testimony is to be credited, and the jury had a right to do so, it is apparent that the defendant dealt with C. D. Anderson & Son, in their individual capacity, and not as plaintiff's agents, in the purchase of the fertilizer for which this suit was brought; he did not know them as plaintiff's agents in the transaction; the sale was made by them for cash, but none was paid, they being at the time indebted to plaintiff for the premises they occupied, and such having been, for the two previous years, the course of dealings between these parties in reference to the sales of fertilizers by them to the defendant. The law seems to be well settled, however, that if a factor sells in his own name as owner, and does not disclose his principal, and acts ostensibly as the real owner, although the principal may afterwards bring his action upon the contract against the purchaser, yet the latter, if he *bona fide* dealt with the factor as owner, will be entitled to set off any claim he may have against the factor in answer to the demand of the principal. 2 Kent Comm., 632, and citations in note. So our own Code, §2204, declares, "If the agency has been concealed, the party dealing with him may set up any defence against the principal which he has against the agent."

Judgment affirmed.