## CLARKE vs. FARRELL & COMPANY.

If a partner dispose of the firm assets in payment of his individual debt, it is a misapplication of them, and any person receiving them in payment of such individual debt, with notice of or reasonable grounds to suspect the misapplication, is not an innocent purchaser, and is liable for the property to a third party who sold the property, reserving the title, to a firm who, before the purchase price was paid, sold it with notice to the firm, a member of which made such misapplication.

April 16, 1888.

Debtor and creditor. Partnership. Misapplication of assets. Before Judge VAN EPPS. City court of Atlanta. June term 1887.

Reported in the decision.

JOHN C. REED, by brief, for plaintiff in error.

FRANK A. ARNOLD, contra.

SIMMONS, Justice.

This was an action of trover brought by Farrell & Co. against Clarke, for the recovery of an iron safe. It appears from the record that the plaintiffs sold the safe to Paine, Roland & Co., who executed and delivered therefor to the plaintiffs their certain promissory notes, wherein it was stipulated that the title should remain in the vendors until the purchase price was paid. Before all the notes were paid, Paine, Roland & Co. sold the safe to Clarke, Harrison & Co., who took the safe with notice of the reservation of title in the plaintiffs, and agreed to pay

the balance of the notes due to the plaintiffs for the purchase money. Subsequently Clarke, Harrison & Co. went into liquidation, and left the assets of the firm in the hands of P. B. Clarke, a member of the firm, to be disposed of. P. B. Clarke, it appears, owed Mrs. W. H. Clarke about $500, for board, washing, and small sums of money advanced at different times by her to him. Mrs. Clark purchased the safe from him in payment of her individual debt. She testified that she took the safe "in payment for a bad debt, and allowed said firm $400 for it on said debt; and bought it *bona fide*, without knowledge of any encumbrance upon it whatever"; and that at the time this suit was brought against her husband, he was in possession of the safe as her agent. The jury returned a verdict for the plaintiff for $25, balance due for the purchase money of the safe, and rent or hire sufficient to cover the interest on this amount. The defendant moved for a new trial on several grounds, which was refused by the court, and he excepted.

It is unnecessary for us to notice all the grounds contained in this motion. The proof is positive and undenied that this safe was sold by the plaintiffs to Paine, Roland & Co., who stipulated that the title should remain in the plaintiffs until the purchase money was paid. Paine, Roland & Co. sold to Clarke, Harrison & Co., and gave them notice of this reservation of title, and they agreed to pay the balance of the purchase money to the plaintiffs. This being true, the safe was firm assets in the hands of Clarke, Harrison & Co., and subject to the firm debts of that partnership. If Mrs. Clarke purchased it, and received it in payment of an individual debt due her by P. B. Clarke, one of the members of the firm, without the knowledge or consent of the other members of the firm (the record does not disclose that they knew it or consented to it), then it was a misapplication of the firm assets by P. B. Clarke, and Mrs. Clarke could not, under the circumstances, be an innocent purchaser. She knew that the safe belonged

to the firm. She knew that she received it in payment of an individual debt, due by a member of the firm to her; and participating in this misapplication of the firm assets, she could not be an innocent purchaser. If one partner dispose of the firm assets in payment of his individual debt, it is a misapplication of the firm property. And any person receiving firm property in payment of an individual debt of one of the partners, with notice or reasonable ground of suspicion that the partner is misapplying such assets, he cannot be an innocent purchaser, and is liable for such property. Code, §1913; *Wiley, Banks & Co. vs. Allen & Stanford,* 26 *Ga.* 568. This being the law of the case, under the facts above recited, the verdict of the jury was right, and the court did not err in refusing a new trial.

Judgment affirmed.