## McCONNELL *v.* EAST POINT LAND CO.

1. If M. rented land from W., giving to the latter his promissory note for the rent payable to W., and at the time of the renting W. was himself a tenant of a certain company which was the true owner of the rented premises, and it appeared that M. contracted with knowledge of the company's ownership, and thereafter a distress warrant issued against M. at the instance of the company to collect the amount of rent specified in the note, the company being at that time the owner of the note, a motion for a nonsuit, made at the trial, on the ground that the relation of landlord and tenant did not exist between the parties, was properly denied. Under the facts recited, M. became a subtenant of the company, and under the law of this State a subtenant becomes the tenant of the owner, at the election of the latter.
2. Though a promissory note was made payable in the name of an agent and the agency was not disclosed to the maker at the time of the contract, this would not prevent the principal from enforcing such contract by all appropriate remedies in his own name, and he could secure for himself all the benefits arising therefrom; but in such proceedings the maker would have the same defenses against the principal which he would have against the agent if the proceeding was in the name of the latter. It follows that it was not necessary to set out in the affidavit to distrain any assignment of the rent note involved in this case to the defendant in error.
3. The evidence on the merits of the case was conflicting; the defendant was allowed to set up as defenses subsequent agree-

9

ments with the payee which he claimed had been made; the jury returned a verdict in favor of the defendant in error by which substantial justice seems to have been done; there is ample evidence in the record to sustain the verdict, and consequently the motion for a new trial was properly overruled.

Argued January 6,—Decided January 21, 1897.

Distress warrant—appeal.    Before Judge Lumpkin. Fulton superior court.    September term, 1895.

*John B. Hutcheson,* for plaintiff in error.
*Longino & Golightly,* contra.

LITTLE, Justice.

The East Point Land Company sued out a distress warrant against McConnell for $100.00 for rent of land for the year 1893. The affidavit to distrain was made by Walker as the agent of the land company. McConnell filed a counter-affidavit and gave bond. On the trial of the issues raised, after the plaintiff had closed its evidence, defendant McConnell moved for a nonsuit on the grounds: (1) That the relation of landlord and tenant had not been shown to exist between McConnell and the land company. (2) That McConnell did not know the land company in the rental, as is shown by the note. (3) That the note was not assigned by Walker to the company. (4) That if any endorsement on it was an assignment, such fact should have been shown in the affidavit for distress warrant. The motion for nonsuit was overruled. Defendant introduced his evidence. The jury returned a verdict for plaintiff for $65.00 besides interest. Defendant then made a motion for a new trial, one of the special grounds contained therein being the ruling of the court on defendant's motion for nonsuit. The motion for a new trial being overruled, defendant excepted and assigns error thereon.

For the plaintiff Walker testified, that he was the agent of the land company in 1893 and chairman of the executive board of the company; that he managed all of the company's business and had general control of its affairs; that

he rented to McConnell 48 acres of land and 3 houses for
$100.00 and took the rent note in his own name, but took
it for the company; that the rent would have gone to the
company. The company told witness to take charge of the
place and to pay the taxes on it for the rent. McConnell
never denied owing the note until after the warrant was
sued out. The note showed on its face that it was payable to
Walker, November 3d, 1893, for $100.00, and was endorsed
in blank by Walker, and bore on the margin the following
words: "rent all land on west side of railroad and 3 houses."

The motion for nonsuit being overruled, defendant intro-
duced as a witness McConnell, who testified, that he gave
the note for rent of the land; that he did not know the land
company in the transaction; knew only Walker; that after
he had prepared the land for planting—put in $20.00
worth of fertilizers and planted it, some parties commenced
to run streets through it. He went to see Walker and
talked with him about it in the presence of Trimble.
Walker told him that the land company wished to run
some streets through the land preparatory to selling lots,
and that if they opened streets through the land, he, Mc-
Connell, would have no rent to pay. One street was opened
entirely through the land, taking four or five acres which
he had planted. Cross streets were laid off but never
opened. Not expecting to pay any rent, witness did not
collect any rent from certain subtenants. There were
several tenant houses on the place, which would rent for
about $100.00 per year if tenants could be kept and rent
collected, both of which were difficult. Witness did not
rent the place for the houses, but to get land for farming
purposes. It was worth $3.00 or $4.00 per acre to prepare
and plant land as that was planted. Witness knew when he
rented the land that it belonged to the East Point Land
Company, but made the trade with Walker, who said
nothing about the company. Trimble testified, that he
heard the conversation between McConnell and Walker;

that Walker told McConnell, after he had been informed that streets were being run through the land, "Let them alone; and if they run any streets through the land, I will charge you no rent for the land." Walker, reintroduced for plaintiff, testified that what he did say to McConnell was, that he would not charge him any rent for land taken up by streets and would pay him any damages for land so taken; that witness had the land taken up by streets measured and found it amounted to about four acres. Witness took charge of the land for the land company and was to rent it for enough to pay the taxes. McConnell cultivated all of the land except the four acres taken up by the streets. The company laid it all off in streets, but did not use the streets. The guano and plowing up the four acres used by the street would cost four or five dollars; and at the rate of $100.00 for the whole place, the rent of the four acres would be worth $3.00 or $4.00.

1. The motion for a new trial contained the usual grounds, that the verdict was contrary to evidence; without evidence to support it; against the weight of the evidence and against the law; also, that the court erred in admitting certain testimony. The main ground insisted on here was, that the court erred in not granting the nonsuit, and the contention under this ground is: (1) That the note was not assigned by Walker to the land company. (2) Because if the endorsement on the note was an assignment, that fact should have been shown in the affidavit on which the distress warrant issued. (3) Because the relation of landlord and tenant had not been shown to exist between the land company and the plaintiff in error, by the evidence introduced by the plaintiff in the trial of the case below.

As will be seen hereafter, our reasoning under the second head-note covers the first two points insisted on, in support of the motion for nonsuit. The ground in relation to the admission of evidence which was objected to, is certified with a

note of explanation, which makes the ruling of the judge below on that point legal and proper.

The main ground therefore to be considered is, because the plaintiff's evidence did not show the relation of landlord and tenant to exist between the parties. But little evidence is necessary to carry a case to the jury, provided that little be legal and material to the complaint. It has been ruled by this court that "if there be any evidence whatever to sustain the action, it must go to the jury, the court having no discretion in the matter of granting a nonsuit" (*East & West R. R.* v. *Sims*, 80 *Ga.* 807); and in that case the court draws a distinction between overruling a motion for a nonsuit and granting a motion for a new trial for the want of evidence. In the latter the court has a discretion, while the former rests on strict law.

The plaintiff showed by Walker that the latter was the agent of the plaintiff; that he, Walker, was the chairman of its executive board and managed the company's business; that he rented the land to the plaintiff in error as such agent; that the land belonged to the company. Tested by the rule above laid down, the case was one for the jury. In order to have properly granted the nonsuit on this ground, the court would have had to have disregarded the evidence of the agency of Walker, and ruled that the giving of the rent note in the name of Walker concluded the company from collecting the rent for its land, notwithstanding it was the landlord and the principal in the contract. Such ruling would have been error, and consequently the refusal to grant the nonsuit on this ground was proper. The legitimate conclusion from the evidence of Walker was, that he was not the tenant of the land company, but that he acted as the agent of the company who owned the land and rented it to McConnell for the year 1893 for $100.00. If this was true, then, without regard to how the note was made payable, the principal would be entitled to have rent for the use of its land from McConnell; and if, when added to

this testimony of the plaintiff, the fact be shown that at the date of the contract McConnell himself knew that the land which he was then contracting to occupy for one year belonged to the land company, McConnell unquestionably became, in law, the tenant of the land company. If on the other hand Walker had rented the land and subsequently sublet it to McConnell, then the latter being the subtenant, or tenant of the tenant, must at its option attorn to the company, as it is at the election of the owner to make such subtenant his tenant, and when the owner so elects, he may proceed against such subtenant as his own tenant. *McBurney* v. *McIntyre*, 38 *Ga.* 261; *Smith* v. *Turnley,*. 44 *Ga.* 247.

2. It appears in this case, that at the time the note which. was given by McConnell for rent of the land was executed,. it was made payable to Walker. McConnell insisted, that: while he knew the land company owned the land, this fact did not appear in the transaction; and that he dealt with Walker, and did not know the land company in the transaction. Giving full weight to this testimony, it does not contradict the evidence of Walker that he rented the land to McConnell as the agent of the company; and the fact that. the note was made payable to Walker and the name of the principal not disclosed, does not prevent the land company from proceeding to collect the rent. It is a well settled principle, that all civil contracts made by an agent in the execution of his agency, though made in his own name without disclosing his principal, may be enforced by the principal by appropriate action brought in his own name. 15 American Decisions, 33; 6 Hill (N. Y.), 476; 4 Cal. 355. To the maintenance of such action it is necessary for the principal to show the fact of such agency with power to bind the principal to the contract. In such actions, however, where the principal seeks to avail himself of a contract made by an agent in his own name, where the principal is not disclosed, the principal must also assume the re--

sponsibilities of the contract, and be subject to the rights which the other party possesses against the agent. Mechem on Agency, paragraph 773. In the case under review the principal, having possession of the note, sued out a distress warrant for the rent. The land belonged to such principal. Prima facie the maker owed the note, and it was of little consequence to him to whom the note was paid. If he had paid the note to Walker while it was in the hands of the latter, and without knowledge of the fact of such agency, he would have been fully protected. He had a right to avail himself of any defenses to the note, when proceedings were instituted by the principal, that he could have urged against Walker, the payee of the note.

3. We cannot rule that the verdict in this case was against the evidence, without evidence to support it, nor against the law. The evidence in the case was, to a certain extent, conflicting. McConnell was allowed to and did set up against this proceeding of the East Point Land Company, as defenses to the rent note, agreements which he insisted had been made between Walker and himself, which would discharge him from the payment of the note. The jury considered and passed upon these defenses, and McConnell had full opportunity to urge every defense which accrued to him by reason of the failure to disclose the fact to him at the time of the contract that Walker was the agent of another. The jury having passed on the evidence and returned a verdict in favor of the plaintiff, we will not disturb it. There is ample evidence in the record to sustain their finding, and the motion for a new trial was properly overruled.

*Judgment affirmed. All the Justices concurring.*