[Civ. No. 524.  Second Appellate District.—September 26, 1908.]

## WILCOX-ROSE CONSTRUCTION COMPANY, a Corporation, Appellant, v. P. T. EVANS, Respondent.

Corporations—Wrongs by Officers of Two Corporations—Repair of Barn—Untenable Action—Loss to Innocent Party.—Where a corporation bearing the names of two officers thereof had erected a barn for defendant, the roof of which fell in, and such officers, upon request to repair the loss, agreed to do so on defendant paying one-half the cost, defendant being ignorant that such corporation had ceased to do business, and that such officers were officers of plaintiff corporation, who wrongfully charged all the materials and work upon such roof upon the books thereof against defendant, such corporation cannot maintain an action against defendant for want of privity of contract, and because it had put it in the power of its officers to impose upon defendant as an innocent third party, and must bear the loss resulting from the wrongful acts of its agents against such innocent party.

Id.—Principal and Agent—Violation of Duty by Agent—General Rule—Protection of Innocent Third Person.—Though the general rule is that a principal may recover the value of his own property from a third person when transferred thereto by the agent in violation of his duty to his principal; yet when the agent is invested with apparent authority to dispose of property, and by the principal held out as possessing authority to use materials and labor of his principal, such redress, notwithstanding the agent's

wrongful act, will be denied against an innocent third person, for the reason that "where one of two innocent persons must suffer by the act of a third, he by whose negligence it happened must be the sufferer."

ID.—RIGHT TO RECOVER UPON CONTRACT WITH AGENT—ESTOPPEL.—The plaintiff corporation would have had the right to recover upon the contract made by its officers with defendant to pay one-half of the cost of repairing the roof, but where it was tendered by the defendant, and the plaintiff refused to receive it or anything less than the whole sum expended, and defendant subsequently paid such sum to the benefit of creditors of the first corporation with the approval of its assignee thereof, the plaintiff corporation is estopped to claim the same or any right thereto.

APPEAL from a judgment of the Superior Court of Riverside County, and from an order denying a new trial.  F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

Thomas T. Porteous, for Appellant.

Purington & Adair, for Respondent.

SHAW, J.—This is an action whereby plaintiff seeks to recover from defendant upon an implied contract for repairs made upon a building.  Judgment went for defendant, from which, and an order denying plaintiff's motion for a new trial, it prosecutes this appeal.

It appears that the Lynn-Lewis Company was a corporation and J. M. Lynn and J. W. Lewis were officers thereof. The company constructed for defendant a barn, upon the completion of which defendant paid therefor in full according to the terms of the contract under which it was erected. Shortly thereafter, the Lynn-Lewis Company ceased doing business and Lynn and Lewis became stockholders and officers in a new corporation (plaintiff herein), known as the Wilcox-Rose Construction Company, of which E. H. Rose was president and general manager, J. M. Lewis vice-president, and Lynn was superintendent of construction.  On July 25th, and after Lynn and Lewis had become connected with plaintiff corporation, the roof of the barn constructed by the Lynn-Lewis Company fell in, damaging the vehicles of defendant's tenant, then occupying the barn.  The next day defendant

called upon Lynn and Lewis, both of whom, unknown to defendant, were at the time in the employ of plaintiff, with the view of having them make good his loss and damage resulting from the fall of said roof, which loss and damage he claimed was due to faulty construction thereof, for which the Lynn-Lewis Company was responsible. This conference resulted in a contract made between Lynn and Lewis and defendant, whereby it was agreed that the latter should have the vehicles repaired, and that Lynn and Lewis should repair the roof and the cost thereof be divided between the parties; or, using the language of Lynn, with whom the contract was made and who testified for plaintiff, "the Lynn-Lewis people should stand one-half and Evans the other half." In accordance with this arrangement, Lynn and Lewis repaired the barn, and in the prosecution of the work, unknown, however, to defendant, used materials thereon belonging to plaintiff, and the labor necessary in making said repairs was performed by men in the employ of and paid by plaintiff. Lynn, as an officer of plaintiff, to wit, superintendent of construction, had charge of these men and control of the material belonging to plaintiff. Lynn and Lewis did not pay plaintiff for the labor done and materials furnished in performing said work, but had the same charged to defendant upon the books of plaintiff. Sometime after the completion of the work, plaintiff presented a bill to defendant for the entire cost of making the repairs upon the building, whereupon defendant denied that he had ever made any contract with plaintiff for doing said work and disclaimed any indebtedness by reason thereof to plaintiff. Defendant, according to the testimony of Mr. Rose, president of plaintiff, stated to him that there was in the neighborhood of $100 unpaid under his contract, and offered to pay plaintiff this balance, due under his contract to Lynn and Lewis; but Mr. Rose refused to accept the same, insisting upon the payment of the full cost of making repairs upon the barn without reference to the contract made between defendant and Lynn and Lewis. Thereafter, defendant paid this sum, constituting the balance due to Lynn and Lewis, to the assignee of the Lynn-Lewis Company.

While there is some conflict in the evidence, we think it clear that Evans dealt with Lynn and Lewis as representatives of the company which had erected the barn, and which, he asserted, by reason of its negligent construction thereof should

make the repairs. He did not know plaintiff in the transaction, nor that it had anything to do with the repairs, until sometime after the completion of the work.

Appellant's contention is that, not only the material used, but the labor, including that of Lynn himself, belonged to it, and that as Evans received the benefit of such labor and material it should recover from him the reasonable value thereof without regard to the contract under which the repairs were made. The general rule is that a principal may recover the value of his own property from a third person where it has been transferred to such person by an agent in violation of his duty to his principal. (Clark and Skyles' Law of Agency, sec. 543; *Harpending* v. *Meyer*, 55 Cal. 555; *Gilmore* v. *Newton*, 9 Allen (Mass.), 171, [85 Am. Dec. 749].) Where, however, the agent is invested with apparent authority to dispose of property and by the principal held out as possessing authority to use materials and labor of his principal, such redress, notwithstanding the agent's wrongful act, will be denied against an innocent third person, for the reason that "where one of two innocent persons must suffer by the act of a third, he, by whose negligence it happened, must be the sufferer." (Civ. Code, sec. 3543; *McNear* v. *Bourn*, 122 Cal. 621, [55 Pac. 796]; *Schultz* v. *McLean*, 93 Cal. 329, [28 Pac. 1053]; *Ruiz* v. *Norton*, 4 Cal. 355, [60 Am. Dec. 618].) Conceding, as shown by the evidence, that Lynn wrongfully and in violation of the duty imposed upon him, as an agent and an officer of appellant, appropriated materials and the labor of employees belonging to appellant in the performance of a contract made with Evans, the latter was wholly innocent. The wrong perpetrated by Lynn was due entirely to the fact that appellant had placed him in a position as superintendent of construction where his orders commanded the obedience of appellant's employees with reference to the work they should do, and his direction as to the delivery of materials to be used in buildings, the construction and repair of which were under his control as such superintendent, received prompt attention. We are not unmindful of the fact that appellant insists that Lynn was without such authority. The fact remains, however, that he did perform the work at the expense of appellant corporation, of which he was the superintendent of construction, and it was undoubtedly by reason

of his connection with the company in such capacity that he was enabled to perpetrate the fraud upon appellant.

The case is one of a contract made with a third party by an agent in his own name for an undisclosed principal, and notwithstanding the fact that Evans had dealt with Lynn and Lewis as representing the Lynn-Lewis Company, appellant might, nevertheless, have maintained an action against Evans upon the contract and recovered from him such sum as might be due and unpaid under the terms of the contract to Lynn and Lewis. It appears that when Mr. Rose, the president of appellant, presented the bill for the work to Evans and informed him that the work and materials had been furnished by appellant, Evans, although he disclaimed any contract with appellant, did, according to the testimony of Rose, offer to pay to appellant the sum of $99.56, then in the hands of respondent and due under the contract made with Lynn. Appellant declined to accept this sum or in any way recognize the contract under which the work was done, and thereafter, the Lynn-Lewis Company having made an assignment, Evans applied the money so disclaimed by appellant to the discharge of other indebtedness of the Lynn-Lewis Company, which disposition received the approval of the assignee of said company. Appellant was, therefore, estopped from asserting any claim or right to such sum.

The judgment and order appealed from are affirmed.

Allen, P. J., and Taggart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 26, 1908.