BOND & COMPANY *v.* McENTIRE.

LUMPKIN, J. 1. The only grounds of the motion for a new trial being the general grounds which attacked the verdict as contrary to law and evidence and without evidence to support it, and there being sufficient evidence to authorize the verdict, and the presiding judge having overruled the motion, this court will not reverse the judgment. Civil Code (1910), § 3604; *Ruan* v. *Gunn,* 77 *Ga.* 53; *Rosser, Armistead & Co.* v. *Darden,* 82 *Ga.* 219 (7 S. E. 919, 14 Am. St. R. 152); 31 Cyc. 1601; 2 Clark & Skyles on Agency, § 537.

2. In *Hodgson* v. *Raphael,* 105 *Ga.* 480 (30 S. E. 416), the evidence tended to show, that the owner of a horse allowed his agent to take the animal to a livery-stable for the purpose of trading it; that the agent so constituted raffled the horse and became the winner; and that he then sold it to another person, receiving a part of the purchase-price in cash and accepting in satisfaction of the balance the cancellation of a debt due by himself to the vendee. In doing this he apparently dealt with the horse as his own. The distinction between that case and the one at bar, as appears in the record, is clear.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*
JANUARY 12, 1912.

Complaint. Before Judge Brand. Franklin superior court. December 1, 1910.

The suit was for the price of fertilizer sold and delivered in 1907. The defendant pleaded: that he did not buy the guano from the plaintiffs, but bought it from D. A. Baker, who acted as owner in making the sale, and defendant so believed him to be; that no other principal was disclosed, and he had no knowledge or information that Baker was acting as agent for the plaintiffs, if so he was; and that the guano was bought with the distinct understanding and agreement with Baker that the price of it was to go in

part payment of a note he owed the defendant, of larger amount than said price, which amount was pleaded as a set-off. The defendant testified in support of his plea; and there was testimony for the plaintiffs that all the guano sold and delivered by Baker and his employees in 1907 was the property of the plaintiffs, and Baker acted only as agent for them in selling it, and was not authorized to sell any of it in payment of his debt. The jury found for the defendant. A new trial was denied, and the plaintiffs excepted.

*Adams & Brown,* for plaintiffs. *W. R. Little,* for defendant.