## 15476.   LOVELACE v. RELIABLE GARAGE.

The rule that a partner can not, in payment of his individual debt to a third person, dispose of what belongs to the partnership applies not only to property but to labor and services performed on the part of the partnership.

The action being by a partnership doing business under the name of Reliable Garage, for a sum alleged to be due for material furnished and services rendered in the repair of an automobile for the defendant, who sought to set off an individual debt of one of the partners, and contended that the contract under which the material was furnished and the services were rendered was made with that person as an individual, and there being evidence which would authorize a finding that the defendant knew, or in the exercise of proper diligence ought to have known, of the existence of the partnership at the time the work was being done and the material was being furnished, and that performance of the contract was being made by the partnership and not by the individual contracted with, and the defendant thus accepted the labor and assets of the partnership, the verdict for the plaintiff was warranted.

The first excerpt from the charge of the court of which complaint was made was harmless.

The trial judge having correctly charged the rule as to a set-off against a partnership, and elsewhere correctly charged the law as to set-off in a case of concealed agency, there is no merit in an exception to the former charge on the ground that the principle as to concealed agency was not charged in immediate connection with the charge complained of.

DECIDED DECEMBER 17, 1924.

Complaint; from city court of Thomson—Judge Johnson. March 13, 1924.

*John T. West & Son,* for plaintiff in error.

*B. J. Stevens,* contra.

JENKINS, P. J.   1.   This is a suit on account by a partnership for services rendered and material furnished in repairing an automobile, where it appears from the plea of the defendant that the contract was made with one of the partners as an individual, and where the defendant sought to set off the individual debt of such partner.   While the evidence was conflicting, it was such as might have authorized a finding that the defendant knew, or from the proved facts and circumstances ought, in the exercise of proper diligence, to have known, of the existence of the partnership at the time the work was being done and the material was being furnished, that performance of the contract was being made by the partnership and not by the individual member contracted with,

19

and that the defendant thus accepted the labor and assets of the partnership.

2. Exception is taken by defendant in the court below to the following charge: If "you find from all the evidence that the contract was between Lovelace (defendant) and Douglas (one of the partners) as an individual, and that Lovelace *had no notice or knowledge of the partnership,* that he did not intend to deal with the partnership, as I say, if Lovelace made his contract with Douglas individually and *knew nothing of the partnership,* and Douglas made this agreement with him and agreed it should go on the debt, that was an individual contract and the partnership is no party to it, and though Douglas had the work done by the partnership, that would not make it a partnership debt;" the alleged error being that mere "knowledge of the partnership" is not, in such a case, the test of unqualified liability to the partnership. *Held:*

(*a*) "Third persons acquire no title to partnership assets by purchase from one member, when notice or a reasonable ground of suspicion is known to them that the partner is misapplying, or seeks to misapply such assets." Civil Code (1910), § 3184; *Clarke* v. *Farrell,* 80 *Ga.* 622, 624 (6 S. E. 20). Thus, it is the well settled rule that "one partner can not dispose of the partnership property in payment of his individual debt without the consent of his copartners, either express or by necessary implication." *Harper* v. *Wrigley,* 48 *Ga.* 496, 497; *Wise* v. *Copley,* 36 *Ga.* 508; *Bank of Lawrenceville* v. *Rockmore,* 129 *Ga.* 586 (59 S. E. 291); *Murphey* v. *Bush,* 122 *Ga.* 715 (50 S. E. 1004); *Miller* v. *Hines,* 15 *Ga.* 197; *Standard Wagon Co.* v. *Few,* 119 *Ga.* 293 (46 S. E. 109). This rule relates not only to property but to the labor and services of the partnership.

(*b*) It is, however, a different, and in no wise conflicting statutory rule that, "if the agency has been concealed, the party dealing with" an agent "may set up any defense against the principal which he has against the agent." Civil Code, § 3604; *Savannah Trust Co.* v. *Nat. Bank of Savannah,* 16 *Ga. App.* 706 (3) (86 S. E. 49). Thus, it is well settled that the rights of an undisclosed principal are subject to claims acquired in good faith against the agent. In other words, a third person who contracts in ignorance of the existence of a principal can set up

against the principal, who sues upon the contract, any defenses and equities which he could have set up against the agent, had the latter been in reality the principal suing on his own behalf.   L. R. A. 1916A, 1213, et seq.; *Ruan* v. *Gunn,* 77 *Ga.* 53, 54; *Bond* v. *McEntire,* 137 *Ga.* 438 (73 S. E. 652) ; *Durant Lumber Co.* v. *Sinclair,* 2 *Ga. App.* 209 (4), 213 (58 S. E. 485) ; *Atlantic Coast Line R. Co.* v. *Gordon,* 10 *Ga. App.* 311 (2), 313 (73 S. E. 594) ; 28 L. R. A. (N. S.) 227-229; 20 R. C. L. 882, 883.   In this case no question is involved concerning the disposition of personal property by an agent where the owner has given him the external indicia of the right of possession (*Rosser* v. *Darden,* 82 *Ga.* 219 (*b*), 7 S. E. 919, 14 Am. St. Rep. 152) ; nor is it a case where a known agent exceeds the scope of his apparent .authority, by undertaking as such agent to dispose of his principal's assets in payment of his individual debt (*Clark* v. *Farrell,* supra) ; but the question raised by the exception to the quoted charge is whether or not it is possible for a known partner to contract purely in his individual capacity to render services, which, while within the scope of the partnership business, are to be performed solely as an individual, so as to relieve the person thus contracted with from unqualified liability to the partnership which actually performed the services.   This question it does not seem necessary to decide, since the same evidence which authorized the jury to find on the disputed issue of fact that the defendant knew or ought to have known of the existence of the partnership necessarily showed that he likewise knew or ought to have known that the partnership was actually performing the services on account of which the suit was brought.   Since, under the charge, the jury must have believed that the defendant had knowledge of the existence of the partnership at and during the time the work was being performed, and since the same proved circumstances which put him on notice of the existence of the partnership must have necessarily put him on notice that the partnership was actually performing the work, and since this court is willing to hold, as a matter of law, that then and under such circumstances, and in the absence of any assurance by the contracting partner that his associate had agreed to the arrangement, it was incumbent upon the defendant to ascertain for whom the work by the partnership was being performed,—that is, whether it was being performed for himself or for the partner

with whom he had contracted,—and since there is no dispute that such an' inquiry would necessarily have developed that the work was being performed for the defendant and not for the contracting partner, and since the defendant did not show that the other partner had consented to such application of the partnership services, thus knowingly accepted, the charge· as given, even if inaccurate, was harmless. *Wise* v. *Copley,* 36 *Ga.* 508.

3. It is the general rule that, in a suit by a partnership against a person for a partnership debt, he can not set off an amount owed him by one of the individual partners. *Harlow* v. *Rosser,* 28 *Ga.* 219; *Eady* v. *Newton Coal Co.,* 123 *Ga.* 557, 563, 564 (51 S. E. 661, 1 L. R. A. (N. S.) 650, 3 Ann. Cas. 148).

(*a*) "A charge embracing an abstractly correct and pertinent principle of law is not rendered erroneous by a failure to charge some other legal principle applicable to the case." *Smith* v. *Brinson,* 145 *Ga.* 406 (2) (89 S. E. 363) ; *Ray* v. *Warren,* 28 *Ga. App.* 663 (112 S. E. 831). "Every subject-matter, every matter of defense, can not be treated in one and the same sentence and at one and the same time. . . But even though a particular instruction taken alone may be open to the criticism that it requires a given qualification, yet where it plainly appears that elsewhere in the charge this very qualification of the doctrine laid down in such instruction was so distinctly and clearly stated as that the jury were not misled as to the true law, the giving of the instruction will not require the granting of a new trial." *Wilson* v. *Small,* 28 *Ga. App.* 587, 592 (113 S. E. 240) ; *City Council of Augusta* v. *Tharpe,* 113 *Ga.* 152 (2) (38 S. E. 389). Where the trial judge correctly charged the rule as to a set-off against a partnership, and elsewhere correctly charged the law as to set-off in a case of concealed agency, an exception to the former charge as erroneous because the independent principle as to concealed agency was not charged immediately in connection therewith was without merit.

4. The remaining exceptions, relating to the failure of the court to give certain requested instructions to the jury, are without merit, since they are controlled by the rulings made in the second division of the decision. The charge as a whole fully and fairly set forth the rights of the defendant under his pleadings.

*Judgment affirmed. Stephens and Bell, JJ., concur.*