## 16664.   TRULUCK *v.* CAROLINA PORTLAND CEMENT COMPANY.

"Where an agency is concealed, a party dealing with the agent may set up any defense against the principal which he might have against the agent, and where one of two innocent persons must suffer by the act

of a third person, he who puts it in the power of the third person to inflict the injury must bear the loss." *Savannah Trust Co.* v. *National Bank of Savannah,* 16 *Ga. App.* 706 (3) (86 S. E. 49).

DECIDED NOVEMBER 10, 1925.

Certiorari; from Fulton superior court—Judge E. D. Thomas. June 15, 1925.

In the municipal court of Atlanta F. W. Truluck brought suit against the Carolina Portland Cement Company for $422.83, the value of certain lumber which had been shipped to that company by Loris Lumber Company. The defendant filed a plea denying liability, and further alleged, that "all its transactions in connection with the purchase of said lumber were with the said Loris Lumber Company; that it did not purchase said lumber or any other lumber from petitioner, and that it did not agree or promise to pay petitioner for said lumber, nor was petitioner in any wise known to defendant in the purchase of said lumber as herein above set out, and that if said Loris Lumber Company was acting for plaintiff, said agency was concealed, and defendant had no knowledge that it was dealing with said Loris Lumber Company as agent of plaintiff," and that "said Loris Lumber Company is indebted to defendant in a sum greatly in excess of the amount due by defendant for said lumber, to wit, in the sum of $1086.23, and that it has paid said Loris Lumber Company for said lumber by crediting the amount due thereon on said indebtedness." The case was tried on the following agreed statement of facts: "On April 25, 1923, defendant ordered from the Loris Lumber Company Incorporated, of Loris, South Carolina, two cars of '4 x 4 No. 2 common sap gum lumber,' to be shipped to defendant at Portsmouth, Virginia. [Copy of the original order was attached.] Said Loris Lumber Company Incorporated accepted said order, and, on May 5, 1923, in compliance therewith, shipped said lumber to defendant at Portsmouth, Virginia, in three cars; that said lumber reached its destination after the invoice below set out was received by defendant, and subsequently was used by defendant, and that the agreed value thereof is $422.83; that at the time said lumber was shipped said Loris Lumber Company Incorporated was, and still is, indebted to defendant in the sum of $1086.23, and defendant has credited the amount due above, $422.83, on this amount; that said Loris Lumber Company Incorporated filled said order with lumber belonging to plaintiff with the agreement that

it would ship the same to defendant for his account. Said Loris Company Incorporated sent to defendant at its offices in Atlanta, Ga., an invoice dated May 5, 1923, covering said lumber, which invoice was received by defendant on May 10, 1923 [a copy of the invoice was attached]; that on May 9, 1923, said Loris Lumber Company drew a draft on defendant for the sum of $416.00, payable to plaintiff, which draft was not honored by the defendant [draft attached]; that plaintiff had no contract with defendant for the sale of said lumber, and defendant did not know plaintiff in the transaction until it received the notation of the invoice set out above, and the draft set out above."

A judgment was rendered for the plaintiff for the full amount asked for in the petition. The defendant obtained a writ of certiorari, and upon a hearing of the certiorari the judge of the superior court passed an order in part as follows: "The within certiorari coming on to be heard, it is considered, ordered, and adjudged that the same be and is sustained, and final judgment is rendered for the plaintiff in certiorari." To this order the plaintiff excepted.

*King, Spalding, MacDougald & Sibley, Estes Doremus,* for plaintiff.

*William G. Grant,* for defendant.

BLOODWORTH, J. (After stating the foregoing facts.) The principal question for determination is whether it was before or after the contract between Loris Lumber Company and Carolina Portland Cement Company, the defendant, for the sale of the lumber had been entered into and performed, that it was disclosed that the lumber company was acting as agent for Truluck, the plaintiff. If the principal, Truluck, was concealed until after the contract between the lumber company and the cement company had been executed and the rights of the parties thereto had become fixed, then there can be no doubt as to the right of the defendant to set up his claim against Loris Lumber Company. The order for the lumber, a copy of which was made a part of the statement of facts, provided that the lumber was to be shipped "f. o. b. mill" at Loris, South Carolina, and expressly stipulated, "If order can not be filled as given, do not make any changes without first advising us and securing our permission for change in writing. If the order as given is not in conformity with your understanding, re-

turn at once writing fully." Thus it will be seen that the offer was made to and could be accepted by the Loris Lumber Company only, and all that was necessary to complete the contract was the delivery by the lumber company of the lumber ordered to the common carrier at its mill in South Carolina. The appellate courts of this State have uniformly held that where the place of shipment is specified, "in the absence of an agreement to the contrary, delivery of freight to a common carrier is regarded as delivery to the consignee." *McCook* v. *Halliburton-Myers Co.,* 14 *Ga. App.* 381 (1) (80 S. E. 863); *McCullough* v. *Armstrong,* 118 *Ga.* 424 (2) (118 S. E. 424); *Falvey* v. *Richmond,* 87 *Ga.* 100 (2), 101 (2) (13 S. E. 261), and citations. Under the rulings in the foregoing cases the lumber was delivered to the defendant on May 5, 1923. There is no contention on the part of the plaintiff that the defendant, prior to the receipt in Atlanta on May 10 of the invoice referred to in the agreed statement of facts, had any notice whatever that the lumber company was acting as the agent of the plaintiff. Granting that the lumber company was the agent of Truluck, the Carolina Portland Cement Company pleaded, and the record showed, that it had no knowledge of the agency until after the shipment was made and title to the lumber had passed to the defendant and its rights had become fixed. This being true, the Carolina Portland Cement Company would be entitled to set off any claim that it might have against the agent, and Truluck was not entitled to a judgment against it. Civil Code (1910), § 3604; *Durant Lumber Co.* v. *Sinclair Lumber Co.,* 2 *Ga. App.* 210 (4), 213 (4) (58 S. E. 485), and citations; *Savannah Trust Co.* v. *National Bank of Savannah,* 16 *Ga. App.* 724 (3) (86 S. E. 49); *Bond* v. *McEntire,* 137 *Ga.* 438 (73 S. E. 652); *McConnell* v. *East Point Land Co.,* 100 *Ga.* 129 (2), 134 (2) (28 S. E. 80).

The judge of the superior court did not err in sustaining the certiorari and in rendering final judgment for the plaintiff.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*