MILES *et al. v.* FOY.

DECIDED JULY 31, 1928.
ADHERED TO ON REHEARING, SEPTEMBER 26, 1928.

*Anderson & Jones, J. B. Moore,* for plaintiffs.

*Deal & Renfroe,* for defendant.

BLOODWORTH, J. This was a suit on account to recover the value of certain barrel staves and heads. The defendant, Foy, pleaded that he owed the plaintiff nothing; that he bought the staves and heads from F. N. Rushin, not knowing that he had a principal, but "thought all the time he was purchasing said staves and heads of said Rushin himself, and that the same was his property;" that he "never received any invoice, bill, or bill of lading for the same from plaintiff or any one else, or any notice of any nature that would put defendant on notice that the staves and heads were not the property of said F. N. Rushin himself, nor did he ever hear of plaintiff in the transaction until some weeks after the payment for said staves to said F. N. Rushin." So far as the record shows, Foy and Rushin were strangers to each other. The evidence shows that Rushin went to the place of business of Foy, had sample of staves with him, and offered to sell some staves to Foy. Foy testified that Rushin left the impression "that he was making and selling the staves for himself; that he did not tell him anything about the Pine Grove Stave Company, or that he was selling for them;" that "he did not have any order-forms or bill-heads with him when the order for the staves was given;" that the order for the staves was a verbal one; that when he gave the order he asked Rushin about paying for the staves, and he said he would collect for them when they came; that "when I got the staves he got the money, and I thought everything was o. k.;" and that he paid Rushin by check for the staves. Miles swore that he was general manager of his concern; that they sold the staves to Foy, and had never been paid for them; that he sent to Foy by mail a bill of lading and invoice, and both were returned to him by the postal authorities; that he then sent the bill of lading and invoice to Rushin, with a note in which he said, "Here is the bill for J. P. Foy. Please get it to him." It appears from the record that the place of business of Foy is off the railroad, and that his shipping point is Claxton. The trial resulted in a verdict for the defendant. A motion for a new trial was overruled, and the plaintiffs excepted.

To what is said in the headnotes we will add only the following: The real issue in this case is whether or not the agency of Rushin was concealed from Foy; whether or not at the time Foy paid for the goods purchased from Rushin he knew that Rushin was acting for another. While it is true that "agency to sell does not necessarily carry with it authority to collect" (*Walton Guano Co.* v. *McCall,* 111 *Ga.* 114, 36 S. E. 469), and also true that in special agencies for a particular purpose persons dealing with the agent should examine his authority (Civil Code of 1910, § 3595), we must not overlook the fact that "Where an agency is concealed, a party dealing with the agent may set up any defense against the principal which he might have against the agent; and where one of two innocent persons must suffer by the act of a third person, he who puts it in the power of the third person to inflict the injury must bear the loss." *Savannah Trust Co.* v. *National Bank of Savannah,* 16 *Ga. App.* 706 (86 S. E. 49). Certain it is that under the evidence, so far as Foy was concerned, he had no notice of the fact that Rushin was representing the plaintiff until after he had paid for the goods. In *Truluck* v. *Carolina Portland Cement Co.,* 34 *Ga. App.* 501, 503, 504 (130 S. E. 356), this court said: "The principal question for determination is whether it was before or after the contract between Loris Lumber Company and Carolina Portland Cement Company, the defendant, for the sale of lumber had been entered into and performed, that it was disclosed that the lumber company was acting as agent for Truluck, the plaintiff. If the principal, Truluck, was concealed until after the contract between the lumber company and the cement company had been executed and the rights of the parties thereto had become fixed, then there can be no doubt as to the right of the defendant to set up his claim against Loris Lumber Company." And: "There is no contention on the part of the plaintiff that the defendant, prior to the receipt in Atlanta, on May 10, of the invoice referred to in the agreed statement of facts, had any notice whatever that the lumber company was acting as the agent of the plaintiff. Granting that the lumber company was the agent of Truluck, the Carolina Portland Cement Company pleaded, and the record showed, that it had no knowledge of the agency until after the shipment was made and title to the lumber had passed to the defendant and its rights had become fixed. This being true, the Carolina Portland Cement

476

Company would be entitled to set off any claim that it might have against the agent, and Truluck was not entitled to a judgment against it. Civil Code (1910), § 3604; *Durant Lumber Co.* v. *Sinclair Lumber Co.,* 2 *Ga. App.* 210 (4), 213 (58 S. E. 485), and citations; *Savannah Trust Co.* v. *National Bank of Savannah,* 16 *Ga. App.* 724 (3) [supra]; *Bond* v. *McEntire,* 137 *Ga.* 438 (73 S. E. 652); *McConnell* v. *East Point Land Co.,* 100 *Ga.* 129 (2), 134 (28 S. E. 80)." In *Lovelace* v. *Reliable Garage,* 33 *Ga. App.* 289, 290 (125 S. E. 877), Presiding Justice Jenkins said: "Thus it is well settled that the rights of an undisclosed principal are subject to claims acquired in good faith against the agent. In other words, a third person who contracts in ignorance of the existence of a principal can set up against the principal, who sues upon the contract, any defenses and equities which he could have set up against the agent had the latter been in reality the principal suing on his own behalf. L. R. A. 1916A, 1213 et seq.; *Ruan* v. *Gunn,* 77 *Ga.* 53, 54; *Bond* v. *McEntire,* 137 *Ga.* 438 (73 S. E. 652); *Durant Lumber Co.* v. *Sinclair,* 2 *Ga. App.* 209 (4), 213 (58 S. E. 485); *Atlantic Coast Line R. Co.* v. *Gordon,* 10 *Ga. App.* 311 (2), 313 (73 S. E. 594); 28 L. R. A. (N. S.) 227, 229; 20 R. C. L. 882, 883." In *Bond* v. *McEntire,* supra, the facts as stated in the report of the case were as follows: "The suit was for the price of fertilizer sold and delivered in 1907. The defendant pleaded: that he did not buy the guano from the plaintiffs, but bought it from D. A. Baker, who acted as owner in making the sale, and defendant so believed him to be; that no other principal was disclosed, and he had no knowledge or information that Baker was acting as agent for the plaintiffs, if so he was; and that the guano was bought with the distinct understanding and agreement with Baker that the price of it was to go in part payment of a note he owed the defendant, of larger amount than said price, which amount was pleaded as a set-off. The defendant testified in support of his plea; and there was testimony for the plaintiffs that all the guano sold and delivered by Baker and his employees in 1907 was the property of the plaintiffs, and Baker acted only as agent for them in selling it, and was not authorized to sell any of it in payment of his debt. The jury found for the defendant. A new trial was denied, and the plaintiffs excepted." In that case the facts were quite analogous to the facts in this case, and the Supreme Court affirmed the judg-

ment. See *Ruan* v. *Gunn*, 77 *Ga.* 53. The facts in this case clearly differentiate it from that of *Miles* v. *Smith*, 37 *Ga. App.* 619 (141 S. E. 314).

The motion for a new trial was properly overruled.

*Judgment affirmed. Broyles, C. J., concurs. Luke, J., dissents.*

ON REHEARING.

BLOODWORTH, J. After a careful reconsideration of all the facts of the case, this court is still of the opinion that the motion for a new trial was properly overruled.

*Judgment adhered to. Broyles, C. J., concurs. Luke, J., dissents.*