23948. COLUMBIA VALLEY RECREATION CENTER
v. MASSIE et al.

DUCKWORTH, Chief Justice. This equitable petition in six counts involves alleged expected violations of restrictive covenants applying to property in DeKalb County known as Columbia Valley, and seeks to enjoin the construction of a swimming pool on named lots therein by reason of the granting of a use permit by DeKalb County, which construction and use will allegedly result in irreparable harm and injury to the petitioners. The petitioners allege they purchased lots in Unit 1 of Columbia Valley and (1) in Count I, that there are express restrictive covenants covering Unit 1 and likewise the entire Columbia Valley by reason of averments therein; (2) in Count II, that by reasons of promises and express oral and other representations and inducements made by the defendants in the sale of the subdivision lots, the restrictive covenants of said Unit 1, which are similar to those in the other units of plats which have been recorded, would apply to all the properties developed in Columbia Valley, all of which results in an implied covenant applying

152

to all of the lots developed in Columbia Valley; and (3) in Count III, that the language in the covenants as to whether or not it applies to all of the lots is ambiguous, but the oral promises, inducements and express language and other evidence of the intentions of the defendants is such that it was intended to apply to all of the property developed by the defendants in Columbia Valley. Count IV alleges, in the main, all of the above plus allegations of constructive fraud and deceit in that the defendants led the petitioners to believe that the lots thus purchased would be protected by the restrictions applying to all of the property being developed as Columbia Valley. Since the general demurrers to Counts V and VI were sustained and no appeal taken, no statements will be made as to their contents. As to Counts I, II, III, and IV, the court overruled general demurrers to each, and the appeal is from this judgment. *Held:*

1. Covenants running with the land must be strictly construed and clearly established, hence it can not be said that the language used on the plats as to the restrictions applying to the sale of all "lots shown hereon" and "may be enforced by the owner of any lot in the subdivision" applies to every lot in the entire area of subdivided property to be known as Columbia Valley, nor is the language ambiguous so as to require it to be applied to every lot in the subdivision. *Richardson v. Passmore,* 207 Ga. 572 (63 SE2d 392) ; *Thompson v. Glenwood Community Club,* 191 Ga. 196 (12 SE2d 623). Thus, construing the pleadings most strongly against the petitioner on demurrer, as we must, the exhibits clearly show that the restrictions apply to definite lots as being sold subject to them, and these exhibits fail to show the property where the swimming pool is to be constructed as being subject to the restrictions, hence the pleading that the restrictions cover the "entire Columbia Valley Subdivision and to all units and parts thereof" is a mere conclusion of the pleader. The exhibits show that the restrictions apply to definite lots on the recorded plats and not to the swimming pool lots; hence the exhibits must prevail over the interpretations thereof by the pleader, and the first count is subject to the general demurrer. *Strickland v. Lowry Nat. Bank,* 140 Ga. 653 (2) (79 SE 539) ; *Vandiver v. Endicott,* 215 Ga. 250 (109 SE2d 775) ; *Irwin v. Dailey,* 216 Ga. 630, 645 (dissent) (118 SE2d 827) ; *Scenic Heights Dev. Corp. v. Harry,* 219 Ga. 253 (132 SE2d 711).

2. The averments of Counts II, III, and IV that the acts, oral language, promises, inducements to buy and other evidence that it was the intention of the subdividers and developers that the restrictions were to apply to all of the property developed in Columbia Valley is refuted by the exhibits which carefully restrict only the lots shown on the particular recorded plat and can not be said to show a general scheme to apply to the entire neighborhood. The express covenants are shown by the exhibits not to cover the swimming pool lots and can not be made to cover them by deceit. For the same reasons as in Headnote 1, the exhibits attached will control the pleadings and subject these counts to demurrer. The enumerated errors complaining of the overruling of general demurrers to the remaining counts are meritorious.

*Judgment reversed. All the Justices concur.*

Argued February 15, 1967—Decided February 23, 1967.

*Mackay, Payton & Elliott, Thomas W. Elliott,* for appellant. *Francis G. Jones, Jr.,* for appellees.

