### 24906. WILLIAM H. BENTON COMPANY v. IRVINDALE DAIRIES, INC.

DUCKWORTH, Chief Justice. This is an action for injunctive relief and reformation of a security deed and note arising out of the purchase of land based upon a mutual mistake of two parties as to the sale price. The petition shows the following facts. The land was purchased by the tract based upon a price arrived at by determining the actual usable land and paying $45,000 per usable acre. Using a survey, which has since been determined to be incorrect, 8.312 acres was found to be usable, the other land lying within the bed of a creek. Based upon the mistake of fact in the survey both parties executed the contract for the sum of $374,000 by rounding off the price at this figure and thereafter executed a warranty deed, a note and deed to secure the debt in conformity thereto. A more detailed survey has since been made, showing only 8

usable acres, and it being the intention of both parties to determine the price at $45,000 per usable acre, upon discovery, petitioner requested that the deed to secure debt and note for the balance of the purchase price be reformed and corrected so as to properly reflect the intention and understanding of the parties. The defendant, as successor in title by merger of corporations, if allowed to enforce the deed to secure debt based upon the erroneous figure, would harm the petitioner since it actually owed the defendant only $210,000 whereas the executed loan papers show a much higher amount. The petitioner seeks to enjoin the exercise of the powers under the security deed and to reform the loan papers to speak the true intentions of the parties. The lower court, after a hearing on a motion to dismiss, dismissed the petition, as amended. *Held:*

1. Where there is a mutual mistake as to the consideration to be paid for land in the purchase thereof, and the written transaction does not express what the parties intended, equity will reform the same to speak the true intentions of the parties. *Code* §§ 37-202, 37-207, 37-208, 37-215; *Whittle v. Nottingham,* 164 Ga. 155 (138 SE 62); *Blaylock v. Hackel,* 164 Ga. 257 (138 SE 333).

2. The cases of *Scenic Heights Development Corp. v. Harry,* 219 Ga. 253 (132 SE2d 711); and *Columbia Valley &c. Center v. Massie,* 223 Ga. 151 (154 SE2d 215), holding that exhibits control over averments of conclusions in the pleadings do not apply here to the attachment of the exhibits showing the contract sought to be reformed. If this rule would apply to cases of reformation, no instrument could ever be reformed, for the attachment of the instrument would immediately create a difference in the instrument and the averments of correction sought.

3. While there were four written instruments in the entire transaction, that is (1) the sale contract, (2) the warranty deed, (3) the security deed and (4) the note secured thereby, the petitioner seeks only to correct the note and loan deed as to the actual balance due and remaining although referring to the mutual mistake of the parties originally arising by reason of the erroneous survey, and this would not require every instrument to be corrected. It clearly shows that the alleged mutual mistake erroneously fixed the amount of this note and

security deed incorrectly and the lower court erred in dismissing the petition, as amended.

*Judgment reversed. All the Justices concur.*
ARGUED OCTOBER 15, 1968—DECIDED NOVEMBER 7, 1968—
REHEARING DENIED NOVEMBER 21, 1968.

*Troutman, Sams, Schroder & Lockerman, Tench C. Coxe, James E. Joiner,* for appellant.
*Heyman & Sizemore, W. Dan Greer,* for appellee.