## 25243.   LANSKY v. BRANNON et al.

DUCKWORTH, Chief Justice.   This is a suit for specific perform-
ance and for an apportionment of the purchase price in which
the property is accurately described in the petition, yet the
contract of sale shows the land to be conveyed in "1st Dis-
trict, 2nd Section, Fulton County, Georgia Land Lot 485, con-
taining 26 acres, according to Fulton County Tax Assessors
field book.   $90 was the total taxes for 1964," with a drawing
on the contract of "26A," "L. L. 485," shown to be at the
southwest intersection of "Mansell Road" and "Hwy 19" by
reason of an arrow showing "N," with "±" dimensions on all
four sides, only one of which has the surveyor's abbreviation,
"'," for feet.   The land is to be sold for a definite sum, and
is sold by the tract, with no size shown since the drawing is
not to any scale and the dimensions are not accurately given.
On demurrer the petition is construed in accordance with the
exhibit, or sale contract, and not the accurate description con-
tained in the pleadings.   See *Scenic Heights Development
Corp. v. Harry,* 219 Ga. 253 (132 SE2d 711), and citations
contained therein.   Clearly, the land, which is the subject
matter of the sale, is located in Land Lot 485, 1st District, 2nd
Section, Fulton County, Georgia, and probably contains 26
acres according to the Fulton County Tax Assessors field book
with a total tax paid in 1964 of $90.   Conceding it has a
starting point at the southwest corner of Mansell Road and
Highway 19, in said land lot, district, section and county in
Georgia, its actual dimensions thereafter cannot be ascer-
tained since it is more or less a certain distance for four sides
which may well be in feet, inches, chains, yards, or some
other measurement, and the court cannot order specific per-
formance of a contract containing an indefinite and vague
description of land.   *Bruce v. Strickland,* 201 Ga. 526 (40
SE2d 386); *Rogers v. Manning,* 203 Ga. 771 (48 SE2d 527);
*Smith v. Ga. Industrial Realty Co.,* 215 Ga. 431 (111 SE2d
37).   The petition was subject to general demurrer, and the
court did not err in sustaining it and dismissing the action,
since neither specific performance nor apportionment can be
ordered.

*Judgment affirmed.   All the Justices concur.*
ARGUED JUNE 12, 1969—DECIDED JUNE 16, 1969—
REHEARING DENIED JULY 10, 1969.

*Saul Blau,* for appellant.

*Grizzard & Simons, Eugene R. Simons,* for appellees.