### 28431. H & R BLOCK, INC. v. ASHER et al.

MOBLEY, Chief Justice. This appeal by H & R Block, Inc., is from the dismissal of its complaint against Paul H. and Mary F. Asher, for failure to state a claim on which relief could be granted, and from the denial of a temporary injunction.

The appellant sought to enforce certain provisions of a franchise agreement between Block of Georgia, Inc., and the Ashers. It was alleged that the Ashers terminated this agreement on September

15, 1972, and since that date have operated their business of preparing tax returns in Glynn County in violation of the restrictive covenant of the agreement.

The appellant's complaint alleged that on July 31, 1970, all franchise agreements held in the name of H & R Block of Georgia, Inc., were assigned to it. The complaint alleged that copies of the franchise agreement and the assignment were attached to the complaint. The franchise agreement of the Ashers with Block of Georgia, Inc., was dated July 2, 1965. The assignment by Block of Georgia, Inc., to H & R Block, Inc., does not list the franchises by name, but only by the franchised areas and dates. The only Glynn County franchise agreement listed is dated May 21, 1965.

Where a party relies on a written instrument as the basis of an action, and attaches a copy of the instrument as an exhibit, the facts shown in the exhibit will prevail over the allegations of the party in the pleading. *Vandiver v. Endicott,* 215 Ga. 250 (109 SE2d 775); *Scenic Heights Development Corp. v. Harry,* 219 Ga. 253 (1) (132 SE2d 711); *Columbia Valley Recreation Center v. Massie,* 223 Ga. 151 (1) (154 SE2d 215); *Lansky v. Brannon,* 225 Ga. 378 (169 SE2d 125).

In the brief for appellant it is stated that the discrepancy in dates in the written instruments on which the appellant relies was raised in argument on the motion to dismiss. It appears that there was no offer to amend to show any other assignment to the appellant of the franchise agreement of the Ashers.

The complaint of the appellant affirmatively shows that it has no standing to enforce the restrictive covenant of the Ashers' franchise agreement, and it was not error to deny temporary injunction and to sustain the motion to dismiss the complaint.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who dissent.*

SUBMITTED NOVEMBER 16, 1973 — DECIDED FEBRUARY 18, 1974— REHEARING DENIED MARCH 7, 1974.

*Fendig, Dickey, Fendig & Whelchel, Anthony D. Smith,* for appellant.

*Q. Robert Henry,* for appellees.

INGRAM, Justice, dissenting. I respectfully dissent to the majority opinion affirming the dismissal of the appellant-plaintiff's complaint. It is based upon an exhibit attached to plaintiff's complaint which, the majority conclude, show no valid assignment

to plaintiff and requires dismissal of the claim as a matter of law. The franchise assignment to plaintiff, attached as an exhibit to the complaint, refers to a franchise dated May 21, 1965, whereas the complaint refers to a franchise agreement dated July 2, 1965. This difference in dates on the assignment list and franchise agreement appearing from the plaintiff's pleadings is relied upon by the majority opinion as sufficient to dismiss the case. Appellees' brief states: "Since the petition showed no valid assignment to appellant, the same set forth no cause of action."

If we still followed the former "cause of action and general demurrer practice" in Georgia, I would agree the majority opinion is correct. However, I believe this concept is much too narrow under our present "notice pleading" practice. In my judgment, it encroaches upon the established principle that a claim should not be dismissed unless it clearly appears the claimant cannot recover under any statement of facts which could be proved in support of the claim.

It may well be that this plaintiff has no valid assignment. That depends upon the evidence offered on the merits of the claim, not on the pleadings. The majority opinion states, "there was no offer to amend (by plaintiff) to show any other assignment . . . of the franchise agreement . . ." Herein lies the essential difficulty I have with the majority opinion. If the plaintiff in fact has another assignment, it should be allowed to prove it. The fact that plaintiff offered no amendment to its pleadings, during the course of an argument before the trial court on defendant's motion to dismiss the plaintiff's complaint, is an insufficient reason, I believe, to dismiss the complaint at the interlocutory stage of the case without hearing evidence.

It is for this reason only that I must dissent to the judgment affirming the trial court. I would require an evidentiary determination by the trial court as to whether plaintiff has a valid assignment.

I am authorized to state that Mr. Justice Gunter joins me in this dissent.

### ON MOTION FOR REHEARING.

The motion for rehearing states that a hearing was held on March 14, 1973, at which time argument was heard on the appellee's motion to dismiss the complaint, that the discrepancy in date concerning the assignment of the franchise agreement was raised, that the trial judge then stated that this was an amendable defect, and that the appellant stated that an amendment would be

made.

The order dismissing the complaint was dated June 18, 1973, after further hearing. It thus appears that appellant had more than three months in which to amend its complaint, and completely failed to do so.

While the rule of construction of pleadings has been changed by the Civil Practice Act, the rule that a written instrument attached as an exhibit to a pleading will prevail over the allegations of the pleading has not been changed. The Civil Practice Act provides as to exhibits: "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Code Ann. § 81A-110 (c) (Ga. L. 1966, pp. 609, 621; Ga. L. 1967, pp. 226, 247).

The complaint, considered with the copy of the written assignment, refutes the right of the appellant to enforce the contract of another corporation. The appellant has never asserted that it has any admissible evidence it could introduce which would show its right to enforce the contract.

*The motion for rehearing is denied. All the Justices concur, except Gunter and Ingram, JJ., who dissent.*