## 52407. JACKSON v. JORDAN.

WEBB, Judge.

Jordan sued Jackson seeking to recover $1,570 on an "account," a copy of which was attached to the complaint. The apparent basis of the action was a memorandum

agreement or proposal between Jordan's Food Town Store and Jackson Roofing & Siding Company, neither of which was a party to the suit. In an affidavit attached to the complaint Jordan, as owner of Jordan's Food Town Store, swore that a new roof was constructed and completed on his building in April of 1964 which carried a 20-year warranty, and that "almost immediately" it was found to be improperly installed and began leaking badly. Also attached was an invoice from Brooks Roofing & Siding Company to James T. and John F. Jordan for repairs, reciting that it was paid in full, January 21, 1972, in the amount of $1,570. Jackson filed a motion to dismiss on the grounds that he was not the proper defendant and that the complaint when construed together with the exhibits showed no cause of action against him individually, and also that if any cause of action did exist it was barred by the statute of limitation. The complaint was dismissed and Jordan appeals. *Held:*

We affirm. The plaintiff's exhibits in no way establish that Jackson individually owed Jordan individually any sum on account. "Where a party relies on a written instrument as the basis of an action, and attaches a copy of the instrument as an exhibit, the facts shown in the exhibit will prevail over the allegations of the party in the pleading. [Cits.]" *H & R Block, Inc. v. Asher,* 231 Ga. 780, 781 (204 SE2d 99). Since the exhibit shows that the contracting party was Jackson Roofing & Siding Company, the action cannot be maintained against Jackson individually. *National Advertising Co. v. North Am. Ins. &c. Co.,* 122 Ga. App. 481 (177 SE2d 510), and cits.

Moreover, Jordan's verified complaint characterizes his claim as an action on account, not on warranty, and all actions on account must be brought within four years after the right of action shall have accrued, in this case, by April of 1968. Code § 3-706.

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

Submitted July 14, 1976 — Decided September 7, 1976.

*James A. White, Jr.,* for appellant.
*J. L. Jordan,* for appellee.