53935. SEARS, ROEBUCK & COMPANY v. GREEN.

BELL, Chief Judge.

The plaintiff's complaint alleged a claim for an alleged fraudulent inducement to enter an express, written contract on October 11, 1963, for installation of a roof and gutters to a house. The alleged fraud was that the work "would be installed in a competent and workmanlike manner, but that such statements were false and then and there known by the defendant to be false. . ." The complaint was not filed until March 25, 1975. The defendant plead that the claim was barred by the statute of limitation and moved for summary judgment on that ground.

The trial court denied the motion, and certified the latter for immediate review and we granted the application for an interlocutory appeal. *Held:*

The complaint clearly alleged that fraudulent

inducement to execute the contract occurred on October 11, 1963. There is no dispute that this action was not commenced until March 25, 1975, more than four years after the date of the execution of the contract. Thus the action is barred by the four-year statute of limitation (Code § 3-1002) unless it falls within an exception to the general rule. *Frost v. Arnaud,* 144 Ga. 26 (1) (85 SE 1028). The plaintiff contends that the exception found in Code § 3-807 applies. It provides: "If the defendant, or those under whom he claims, shall have been guilty of a fraud by which the plaintiff shall have been debarred or deterred from his action, the period of limitation shall run only from the time of the discovery of the fraud." There is no claim, evidence or inference from which it can be said that a factual issue is presented as to the applicability of this statutory exception. The claim of fraud is that the defendant represented that it would install the roof and gutters in a workmanlike manner and that it did not. In answer to an interrogatory plaintiff admitted learning that the roof leaked shortly after its installation in 1963. This shows knowledge that the work was not performed in a workmanlike manner. The statute thus began to run at least after the acquiring of this knowledge. See *Webb v. Lewis,* 133 Ga. App. 18 (209 SE2d 712). Under these undisputed facts the claim was barred. It was error to deny the motion. We reverse with direction to grant the motion.

*Judgment reversed with direction. McMurray and Smith, JJ., concur.*

ARGUED MAY 3, 1977 — DECIDED JULY 11, 1977.

*Alston, Miller & Gaines, Jack H. Senterfitt,* for appellant.

*Fred W. Minter,* for appellee.