*Stubbs, Forrest L. Champion,* for appellees.

## 55117. SITZER v. LANG.

McMURRAY, Judge.

This is a suit on a guaranty agreement. Plaintiff's complaint as assignee of United California Bank alleged that F. J. Lang, Inc., d/b/a Atlanta Tyre Co. and d/b/a Eldorado Tire Company, Inc., owes plaintiff $57,696.90 plus interest.

Also alleged is the execution of a guaranty agreement by defendant, Frank Lang, which unconditionally guaranteed payments of certain amounts F. J. Lang, Inc. might owe plaintiff. Exhibits attached to and referred to in the complaint show that credit was extended to F. J. Lang, Inc., d/b/a Atlanta Tyre Co. and that the guaranty agreement executed by defendant guaranteed payment of the debts of Eldorado Tire Company, Inc.

Defendant's motion to dismiss for failure to state a claim was granted, and plaintiff appeals. *Held:*

The general rule is that an attack upon a complaint for failure to state a claim upon which relief can be granted should not be sustained unless the averments in the complaint disclose with certainty that plaintiff would not be entitled to relief under any state of facts that could be shown in support of the claim. *Paris v. C. & S. Nat. Bank,* 141 Ga. App. 165, 167 (1) (233 SE2d 433). But here plaintiff relies upon the written guaranty agreement, a copy of which is attached to the complaint as an exhibit. "Where a party relies on a written instrument as the basis of an action, and attaches a copy of the instrument as an exhibit, the facts shown in the exhibit will prevail over the allegations of the party in the pleading. *Vandiver v. Endicott,* 215 Ga. 250 (109 SE2d 775); *Scenic Heights Development Corp. v. Harry,* 219 Ga. 253 (1) (132 SE2d 711); *Columbia Valley Recreation Center v. Massie,* 223 Ga. 151 (1) (154 SE2d 215); *Lansky v. Brannon,* 225 Ga. 378 (169 SE2d 125)." *H & R Block, Inc. v. Asher,* 231 Ga. 780, 781 (204 SE2d 99).

The exhibits show that credit was extended to F. J.

Lang, Inc., d/b/a Atlanta Tyre Company. The defendant agreed to indemnify for credit extended to Eldorado Tire Co., Inc. Defendant did not agree to indemnify for credit extended to F. J. Lang, Inc. or Atlanta Tyre Company. The rights of a guarantor are stricti juris. *Poole v. Corker,* 15 Ga. App. 622, 623 (3) (83 SE 1101). See also *Peara v. Atlanta Newspapers, Inc.,* 120 Ga. App. 163 (169 SE2d 670).

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED JANUARY 11, 1978 — DECIDED FEBRUARY 15, 1978 — REHEARING DENIED MARCH 7, 1978.

*Zusmann, Sikes, Pritchard & Cohen, Dennis M. Hall,* for appellant.

*Sherman C. Fraser,* for appellee.