## 59613. LEVINE v. FIRST BANK OF SAVANNAH.

BIRDSONG, Judge.

Summary judgment. The appellant Levine executed a promissory note to the appellee First Bank of Savannah on October 29, 1976, in the principal amount of $15,500 payable in 90 days or on January 27, 1977. Levine admits the authenticity of the note, that he executed it and that demand has been made for the payment of the note and that it remains unpaid. Levine in effect denies the indebtedness because he asserted in a counterclaim that the bank reneged on an agreement to lend him $63,000 and that the $15,500 was to be repaid out of the proceeds of the larger loan. Levine contends that because of the breach of the agreement by the bank to make the $63,000 loan he has been damaged in the amount of $30,000. Thus the damages claimed in the counterclaim exceed the amount of the note. Levine offered a copy of a letter from the bank to Levine in which it offered to lend $63,000 to Riverside Realty Associates, Inc., a corporation wholly owned by Levine's wife. The letter listed eleven conditions precedent to the making of the proposed loan. At no point in the record is there any evidence or even an offer of evidence that Riverside Realty Associates or Levine or any other person accepted the offer or made any effort to comply with even one of the conditions precedent of the loan offer described in the bank's letter.

The bank moved to dismiss and strike Levine's counterclaims and for summary judgment in its own favor. The trial court granted the motion to dismiss and strike the counterclaims and granted the bank's motion for summary judgment. It is these rulings by the trial court that form the basis for this appeal. *Held:*

1. On the hearing on the motion to dismiss and strike the cross complaint, evidence was introduced and admitted by the court. This converted the motion to a motion for summary judgment. *Newsrack*

*Supply v. Heinle,* 127 Ga. App. 843 (195 SE2d 193). The counterclaim asserted a breach of contract but there was absolutely no evidence before the court of anything more than a unilateral offer, a proposal to make a loan under certain conditions. On the face of the document offered by Levine, it is obvious that only an offer to make a loan is discussed. Levine never produced any evidence to show that the offer had been accepted. A general conclusory statement in pleadings that a contract has been breached in the face of an instrument attached to those pleadings showing that no contract existed which could be breached fails to state a cause of action sufficient to withstand a motion for summary judgment. *H & R Block v. Asher,* 231 Ga. 780, 781 (204 SE2d 99); *Jackson v. Jordan,* 139 Ga. App. 469, 470 (228 SE2d 606); *Hutchins v. Miller,* 138 Ga. App. 133, 134 (225 SE2d 722); *Resolute Ins. Co. v. Norbo Trading Corp.,* 118 Ga. App. 737 (165 SE2d 441). Once the bank carried its burden to show the absence of any genuine issue of fact that a contract did not exist (manifest from the face of the letter), the appellant Levine was required to offer refuting evidence. Levine could not rely upon the mere assertions that a contract was extant between the parties. He had a duty to respond to the motion in such a way as to show there was a genuine issue of fact or suffer the grant of summary judgment. *Smith v. Standard Oil Co.,* 227 Ga. 268, 271 (2) (180 SE2d 691). His failure so to do warranted the action of the trial court in its grant of the bank's motion to dismiss and strike the counterclaim by way of grant of summary judgment. This enumeration is without merit.

2. In his second enumeration of error, Levine avers that the trial court erred in granting the bank summary judgment on the principal claim. This enumeration clearly lacks merit. Levine admitted the genuineness of the note, his signature, the fact that the note was overdue and remained unpaid, and that the bank had made proper demand. The substance of the defense to the bank's demand, as we have held, was removed from the court's consideration by the grant of the summary judgment dismissing the counterclaim. Under such circumstances, the trial court correctly concluded that the bank had sustained its burden on the motion for summary judgment as to the promissory note by showing that there remained no material issues of fact based upon the pleadings. Thus, the trial court did not err in granting summary judgment to the bank on its complaint. *First National Bank v. McClendon,* 147 Ga. App. 722, 724 (250 SE2d 175).

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

ARGUED MARCH 6, 1980 — DECIDED MAY 13, 1980 — REHEARING DENIED MAY 27, 1980 —

*Robert L. Schwind, David B. Meltz,* for appellant.
*H. William Cohen,* for appellee.