## 61536. OLSON v. HARVESTON.

McMURRAY, Presiding Judge.

Jerry Olson and Ruth Olson, husband and wife, were joint owners of certain real property as tenants in common; said property being located in Columbia County, Georgia. On November 8, 1976, Jerry Olson entered into a contract with Frank A. Harveston, Jr., for the construction of a residence on the property in accordance with certain plans and specifications furnished by Jerry Olson. The contract called for four payments and was for the entire sum of $37,600.

Harveston thereafter filed a "contractor and material man lien" for work done and materials furnished in the amount of $11,420.53. He then filed suit against the defendant, Jerry Olson, for the labor and material for which he contended the defendant refused to pay and to foreclose the lien, seeking a general judgment against the defendant and a special judgment giving a lien on the real estate of defendant for said amount. The case became in default, and judgment was entered against the defendant.

Plaintiff was given a general judgment and a lien on the described property for the amount sought, the judgment stating that same had been personally served upon the defendant and no defensive pleadings had been filed. A fi. fa. issued on August 23, 1977, and a levy was made on August 26, 1977. On September 27, 1977, counsel for the plaintiff submitted a satisfaction and cancellation of judgment to be entered on the general execution docket after payment of all costs by the defendant.

Thereafter, Jerry Olson sued Frank A. Harveston, Jr., in two counts, alleging in Count 1 that the defendant had failed to perform the contract in accordance with the terms since the residence was not constructed in accordance with the plans and specifications; and in Count 2 that the defendant had negligently performed his contractual duty to build the residence of the plaintiff with skill and in a workmanlike manner as required by the terms of this contract. Plaintiff Jerry Olson sought actual damages in the amount of $30,000, being the difference between the value of the improvements in the defective condition and the value of said improvements if they

had been properly constructed. He also sought punitive damages in the sum of $50,000 and a jury trial.

The defendant Harveston answered, in general denying the claim, and filed a special plea of res judicata by reason of the judgment in rem and in personam obtained against plaintiff Jerry Olson in the above referred action. A cross action and counterclaim alleging malicious abuse of legal process was also filed by defendant Harveston seeking actual damages of $5,000 and punitive damages in the amount of $25,000.

After a hearing the trial court sustained defendant Harveston's plea of res judicata. It set forth in its order that both parties had acknowledged and agreed that the original action between the parties involved the balance due for material and labor for the construction of the dwelling as contracted by and between the parties; no defensive pleadings had been filed, and a default judgment was rendered; a motion to set aside that judgment was denied, no appeal was taken and the judgment was subsequently satisfied; the court had jurisdiction of the parties in the previous action, the present parties are identical, and both suits involved the construction of the same home. Plaintiff Jerry Olson's action was dismissed.

Following the above litigation Ruth Olson, as plaintiff, brought an action in two counts, alleging in Count 1 that the defendant, Frank A. Harveston, Jr., had failed to perform the contract (same contract involving her husband, Jerry Olson) in failing to construct the residence in accordance with the plans and specifications. In Count 2 she alleged that defendant negligently performed his contractual duty in failing to exercise the skill and degree of care necessary in order to construct the improvements in a workmanlike manner. She sought judgment for actual damages of $30,000 and in the alternative for damages in the sum of $30,000 as a result of the negligent acts of the defendant.

To this action defendant Harveston filed his answer admitting only jurisdiction and denying the claim as well as defenses of failure to state a claim, estoppel by judgment, the plaintiff is in privity with her husband and subject to all legal barriers that would prevent his recovery in the action; she was not a party to the contract, nor a third party beneficiary under the contract; and res judicata by reason of the judgment obtained against her husband, Jerry Olson, which is final and binding and conclusive upon her.

This action came on for a hearing on defendant Harveston's motion to dismiss and his special plea of res judicata. Subsequent to the hearing plaintiff Ruth Olson amended her complaint by adding Counts 3 and 4, Count 3 being an alleged expressed oral contract whereby defendant agreed to construct the improvements upon the

real property of the plaintiff and had breached the agreement by failing to construct the improvements in a diligent workmanlike manner, and Count 4 contending that as a result of the conduct of plaintiff and defendant, an implied contract came into existence whereby the defendant agreed to construct for the plaintiff a residence on the property owned by the plaintiff, and had failed to perform his contractual obligation as a result of which the plaintiff had been damaged, seeking the same $30,000 damages as prayed for in Counts 1 and 2. The court in its final order and judgment set forth that the parties had acknowledged and agreed that a judgment had been rendered in favor of defendant Harveston against Jerry Olson as set forth above and that a copy of the record of the previous suit attached to the defendant's plea and answer was a full, complete and true copy of same in which Jerry Olson had filed no defensive pleadings; a default judgment had been rendered in favor of the present defendant, a motion to set aside said judgment was denied, no appeal was taken, and the judgment was subsequently satisfied. The court then held that in the previous action the court had jurisdiction of the parties, the plaintiff Ruth Olson in the present action is and was the wife of the defendant in the previous action, and the suit in the previous action involved the construction of the same dwelling. The court then set forth the substance of the second action seeking damages on the identical contract involved, the sustaining of the plea of res judicata, and a final disposition of said suit with no appeal therefrom. The court then held that Jerry Olson "without specifically revealing his agency, contracted in behalf of himself and his wife to have a dwelling built on property in which he and his wife held title as tenants in common;" and the husband and wife by virtue of holding title to the realty as tenants in common, "the necessary ingredients to constitute privity" existed between them "with respect to their mutual interest in the land and the dwelling constructed thereon."

The court then decreed that the defense of res judicata would be available to defendant Harveston against plaintiff Ruth Olson's action as well as it was against her husband in the previous action, inasmuch as she failed to reveal herself as a principal in accepting the contract executed by her husband, that she was not a "third party beneficiary" under the contract executed by her husband inasmuch as she was not named therein nor referred to, and no language in the contract existed to show that it was for her benefit, hence she was not entitled to bring an action as a third party beneficiary under the contract for its breach. Further, as to the additional contracts the exhibited written contract would prevail over her allegations of an oral or implied contract, and same could not vary the terms of the

written contract. The court then dismissed the amended complaint for failure to state a claim against the defendant; the plaintiff is in privity with her husband with respect to their mutual interest in the land; the subject matter of the present action is identical to the previous actions, and defendant's plea of res judicata was also sustained. The complaint was dismissed, and plaintiff Ruth Olson appeals. *Held:*

1. "Where a party relies on a written instrument as the basis of an action, and attaches a copy of the instrument as an exhibit, the facts shown in the exhibit will prevail over the allegations of the party in the pleading. *Vandiver v. Endicott,* 215 Ga. 250 (109 SE2d 775); *Scenic Heights Development Corp. v. Harry,* 219 Ga. 253 (1) (132 SE2d 711); *Columbia Valley Recreation Center v. Massie,* 223 Ga. 151 (1) (154 SE2d 215); *Lansky v. Brannon,* 225 Ga. 378 (169 SE2d 125)." *H & R Block, Inc. v. Asher,* 231 Ga. 780, 781 (204 SE2d 99). In the case sub judice the plaintiff has attached a copy of a contract by and between the defendant and her husband. Consequently, she is bound by its contents here with reference to her complaint in four counts based upon the written contract, an alleged expressed oral contract, and an alleged implied contract.

2. By reason of the written instrument by and between the defendant and her husband attached to the complaint the plaintiff Ruth Olson fails to show a claim for relief inasmuch as the instrument fails to show the contract was intended for her benefit. The mere fact that the plaintiff would benefit from the performance of the agreement is not alone sufficient. See *Stewart v. Gainesville Glass Co.,* 131 Ga. App. 747, 752 (206 SE2d 857) affd. s.c. 233 Ga. 578 (212 SE2d 377); *McWhirter Material Handling Co. v. Georgia Paper Stock Co.,* 118 Ga. App. 582, 583-584 (1) (164 SE2d 852); *Backus v. Chilivis,* 236 Ga. 500, 502 (224 SE2d 370); *LDH Properties v. Morgan Guaranty Trust Co.,* 145 Ga. App. 132, 133-134 (243 SE2d 278).

3. The preliminary hearing here involving several defenses, including a motion to dismiss for failure to state a claim based upon the pleadings and the admissions, having been heard and determined under Code Ann. § 81A-112 (d) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693), the trial court did not err in dismissing the amended complaint. See *Hayes v. Superior Leasing Corp.,* 136 Ga. App. 98 (220 SE2d 86); *Marvin L. Walker & Assoc. v. A. L. Buschman, Inc.,* 147 Ga. App. 851, 852 (1) (250 SE2d 532); *Lynn v. Taylor,* 153 Ga. App. 424, 425 (265 SE2d 344); *Lott v. Liberty Mut. Ins. Co.,* 154 Ga. App. 474, 475 (1) (268 SE2d 686).

4. The admissions and pleadings here show the contract was by and between the defendant and the plaintiff's husband (although she

had a joint interest in the property as a tenant in common). Accordingly, if we concede that her husband was acting as her undisclosed agent then the defendant here dealing with him could set up any defense against the principal (the plaintiff) which he had against the agent. Code § 4-313; *Savannah Trust Co. v. National Bank of Savannah,* 16 Ga. App. 706 (3) (86 SE 49); *Lovelace v. Reliable Garage,* 33 Ga. App. 289, 290-291 (2) (125 SE 877); *Truluck v. Carolina Portland Cement Co.,* 34 Ga. App. 501, 504 (130 SE 356). The pleadings and admissions established that defendant Harveston had obtained judgment against the husband, and same was final and binding and had previously been held to be res judicata in another action by the husband against the defendant. Consequently, in such a situation the trial court did not err in holding that the plaintiff in the present action being the wife of the defendant (Jerry Olson) as the undisclosed agent in the previous action (brought by Harveston) the necessary ingredient to constitute privity existed between them with respect to their mutual interest in the land and the dwelling constructed thereon. Hence the defense of res judicata would be available to the defendant Harveston against the action by the plaintiff Ruth Olson just as it was against her husband in the previous action.

Under the admitted facts and circumstances of the pleadings of this case the trial court did not err in sustaining the motion to dismiss and the plea of res judicata and in dismissing the complaint.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED MARCH 19, 1981.

*William A. Trotter III,* for appellant.
*Maurice Steinberg,* for appellee.