### 64290. DONALSON v. COCA-COLA COMPANY.

SOGNIER, Judge.

Carl N. Donalson, as an individual, sued The Coca-Cola Company (Coca-Cola) based on a contract between Donalson Handling System, Inc. (DHS) and Coca-Cola. Mr. Donalson was president and majority stockholder (91%) of DHS. The complaint was filed on April 21, 1980 and sounded in tort and breach of contract relying on the written agreement between DHS and Coca-Cola. On August 11, 1978, DHS had filed suit against Coca-Cola in the United States District Court for the Northern District of Alabama alleging breach of contract and tort arising out of the same contractual relationship as specified in the instant suit. The federal suit was dismissed with prejudice by stipulation of the parties and order of the federal court on November 6, 1978.

Within the proper time for filing responsive pleadings, Coca-Cola moved to dismiss the instant suit on the grounds that Donalson's claims were barred by res judicata and the statutes of limitation. While Coca-Cola's motion to dismiss was pending, Donalson requested that the trial court enter default against Coca-Cola for failure to answer. Coca-Cola moved to open default and for leave to file an answer pursuant to Code Ann. § 81A-155 (b) (now OCGA § 9-11-55 (b)). The trial court denied Coca-Cola's motion to dismiss, denied Donalson's request for entry of default, and granted Coca-Cola's motion to open default and leave to file an answer. This court declined to review the trial court's order on interlocutory appeal.

Coca-Cola answered and subsequently filed a motion for summary judgment on the grounds that the suit was barred by the statutes of limitation and res judicata. The trial court granted Coca-Cola's motion for summary judgment and Donalson appeals.

1. Appellant contends that the trial court erred in opening default. No final judgment had been entered and the trial judge determined from all the facts that a proper case had been made for opening default. Coca-Cola complied with the statutory requirements for opening default by paying costs, setting up a meritorious defense, offering to plead instanter and announcing ready to proceed with trial. Code Ann. § 81A-155 (b) (now OCGA § 9-11-55 (b)). Appellee also showed that its failure to timely answer was not the consequence of wilful or gross negligence since appellee had timely responded to Donalson's complaint, and that Donalson had not been prejudiced by any delay. Under the circumstances, we find no abuse of discretion in the trial court's order as "a proper case has been made for the default to be opened." Code Ann. § 81A-155 (b)

(now OCGA § 9-11-55 (b)); *Copeland v. Carter,* 247 Ga. 542, 543 (277 SE2d 500) (1981); *Broadaway v. Thompson,* 127 Ga. App. 600 (194 SE2d 342) (1972).

2. Appellant contends that the trial court erred in granting Coca-Cola's motion for summary judgment. The motion was based on the defenses of res judicata and the applicable statutes of limitation.

Appellant alleged that Coca-Cola breached its contract with DHS, and that Donalson, while not a party to the contract, was a third party beneficiary to the contract and the real party in interest and was thereby damaged by the breach.

In 1974, Donalson as President of DHS entered into a written Development Agreement with Coca-Cola for the design and development of a "dunnage" system to eliminate or reduce breakage during the transportation of Coca-Cola products in glass bottles. Donalson alleged that a breach of contract occurred when Coca-Cola wilfully refused to comply with the material provisions of the contract by refusing to grant worldwide manufacturing rights to DHS. Appellant alleged that he learned about the breach on April 22, 1976 when he received a letter from Coca-Cola stating that DHS did not have exclusive rights to the design. The contract between DHS and Coca-Cola was under both of their corporate seals. Thus, any action properly brought *under the contract* could be brought within 20 years. Code Ann. § 3-703 (now OCGA § 9-3-23).

Ga. Code Ann. § 3-108 (now OCGA § 9-2-20) provides: "As a general rule, the action on a contract, whether express or implied, or whether by parol or under seal, . . . shall be brought in the name of the party in whom the legal interest in such contract is vested, and against the party who made it in person or by agent. The beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on said contract."

Our Supreme Court has held that "In order for a third party to have standing to enforce a contract under Code Ann. § 3-108 it must clearly appear from the contract that it was intended for his benefit. The mere fact that he would benefit from performance of the agreement is not alone sufficient. [Cit.]" *Backus v. Chilivis,* 236 Ga. 500, 502 (224 SE2d 370) (1976). It must appear that both parties to the contract intended that the third person should be the beneficiary. *LDH Properties v. Morgan &c. Trust Co.,* 145 Ga. App. 132, 133 (243 SE2d 278) (1978); *Steward v. Gainesville Glass,* 131 Ga. App. 747, 752-753 (206 SE2d 857) (1974).

There is nothing in the contract between Coca-Cola and DHS to indicate that it was intended for Donalson's benefit as a third party beneficiary. Thus, Donalson had no standing to bring a direct action

on the contract as a third party beneficiary.

Appellant argues that by virtue of his *personal* interest in the design and development of the dunnage system, he is the party in whom the legal interest is vested. Such a mutual or successive relationship to the same rights of property as the corporation puts Donalson in privity with the corporation. *Morris v. Ga. Power Co.,* 65 Ga. App. 180(1)(a) (15 SE2d 730) (1941). See also *Anderson Oil Co. v. Benton Oil Co.,* 246 Ga. 304 (271 SE2d 207) (1980). "A judgment of a court of competent jurisdiction shall be conclusive between the same parties *and their privies* as to all matters put in issue. . . ." (Emphasis supplied.) Code Ann. § 110-501 (now OCGA 9-12-40); *Roberts v. Hill,* 81 Ga. App. 185, 186 (58 SE2d 465) (1950); *Morris v. Ga. Power Co.,* supra.; see also *Olson v. Harveston,* 158 Ga. App. 65, 69 (4) (276 SE2d 54) (1981). Thus, Donalson is barred by the doctrine of res judicata from bringing the instant suit based on the contract between DHS and Coca-Cola.

3. Appellant contends that he is not barred by the prior suit from bringing his tort claims because the damages resulting from Coca-Cola's alleged fraud, conversion and conspiracy are special to him and not the corporation. Pretermitting the issue of res judicata with regard to Donalson's tort claims, such claims are barred by the statute of limitations.

Donalson alleges, inter alia, that he was fraudulently deprived of his property rights in his design and that Coca-Cola conspired to deprive him of exclusive rights in the design. Donalson alleges that he learned of the fraud by letter from Coca-Cola's representative Gregory DeLucca on April 22, 1980. However, the record discloses that Donalson learned on April 8, 1976 that neither he nor DHS had exclusive rights to the design. Donalson testified on deposition that on April 8, 1976 he had a conversation with DeLucca and that "that's when I found out I was being cheated." Donalson also stated that that was the first time he recognized that "something was going wrong with this deal." DeLucca testified on deposition that he told Donalson on April 8, 1976 that he did not have exclusive rights in the design; that he also told one of Donalson's prospective investors that DHS did not have exclusive rights. Donalson then called DeLucca to verify this information. DeLucca memorialized his conversation with Donalson in a memorandum which was introduced into evidence. It is clear from this evidence that Donalson knew on April 8, 1976 that he did not have the exclusive right to manufacture the dunnage system and in his (Donalson's) opinion, Coca-Cola was trying to cheat (defraud) him.

The applicable statutes of limitation as to the tort claims in this case provide that the action must be brought within four years after

the right of action accrues. Code Ann. §§ 3-1002, 3-1003 (now OCGA §§ 9-3-31, 9-3-32). Further, Code Ann. § 3-807 (now OCGA § 9-3-96) provides: "If the defendant or those under whom he claims are guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." Since Donalson learned of the alleged fraud on April 8, 1976, the statute began to run after he acquired such knowledge on that date. *Sears, Roebuck & Co. v. Green,* 142 Ga. App. 770, 771 (237 SE2d 10) (1977). As Donalson's complaint was not filed until April 21, 1980, more than four years after the statute began to run, his claim was barred. Id. Accordingly, the trial court did not err in granting summary judgment to Coca-Cola.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 23, 1982 —
REHEARING DENIED DECEMBER 8, 1982 — 

*William Edmund Burke,* for appellant.
*R. Byron Attridge, A. Felton Jenkins, Jr., Joseph R. Bankoff, Michael Eric Ross, H. William Cohen, Steven M. Forte,* for appellee.