76699. BUICE GRADING & PIPELINE, INC. v. BALES.

(370 SE2d 26)

DEEN, Presiding Judge.

On September 9, 1985, Buice Grading and Pipeline, Inc. ("Buice"), entered into a Contractor Base Agreement with MJB Corporation in which Buice agreed to perform certain grading work and

to construct storm drains and sanitary sewers on property owned by MJB. Throughout the contract MJB is referred to as "BPI" or "Bales Properties, Inc." The contract was executed by appellant and Donald C. Chapman, Jr., the secretary-treasurer of MJB. It was never executed by appellee, Charles C. Bales, Jr.

On October 16, 1986, appellant filed suit against MJB, Prospect Holding, Inc., Bales Properties, Inc., and Charles C. Bales, Jr., individually, contending that it had performed certain services under the contract and it had not been paid. Appellee Bales denied the allegations in the complaint and raised the defense of lack of privity of contract between himself and appellant. He then filed a motion for summary judgment, contending that he had not entered into a contract with appellant, he had not guaranteed any obligation in favor of appellant, and had not personally received any consideration for MJB's or BPI's entering into the Contractor Base Agreement. Buice Grading appeals from the grant of summary judgment in favor of Bales. *Held*:

Appellant contends that Bales, individually, was improperly excluded from the contract; that BPI and MJB were closely held by Charles Bales; that the document in question refers to them interchangeably; and that Bales manipulated the two corporations at will for his own personal benefit. He further contends that based on these facts a material issue of fact remained for jury trial as to Bales' personal responsibility for payment. We find no evidence in the record to support his allegations that the corporations were manipulated by Bales. The contract itself provides that "this agreement is entered into by and between MJB Corporation hereinafter called 'BPI' and the Contractor whose name appears above." This provision does not indicate that Bales was manipulating the two corporations.

In Paragraph 27 the contract further provides: "this agreement . . . shall constitute the entire written document and there are no other agreements, oral or written, by and between the parties hereto, except as to contractor warranties under any prior or contemporaneous Contractor Base Agreement with BPI which warranties are incorporated by reference herein for all purposes."

Bales executed an affidavit in which he stated that he is the president of MJB, that he did not personally enter into a contract with Buice Grading, and that all payments made to Buice Grading were made by Bales Properties, Inc., to Danny Buice, individually. In his affidavit, Danny Buice contends that he was dealing with Charles Bales individually.

We find that appellant's assertions that Charles Bales is individually liable under the contract are without merit. The parole evidence rule, OCGA § 24-6-1, provides: "[p]arol contemporaneous evidence is generally inadmissible to contradict or vary the terms of a valid writ-

ten instrument." See also *Hayes Constr. Co. v. Thompson*, 184 Ga. App. 482 (361 SE2d 865) (1987). Appellant does not contend that any part of the contract is ambiguous so as to require parole evidence to be admitted to aid in construing it. Parole evidence cannot, however, be admitted "to add to, take from, or vary the writing itself." *Andrews v. Skinner*, 158 Ga. App. 229, 230 (279 SE2d 523) (1981). Indeed, the contract in question provides that it is the entire agreement between the parties.

On a motion for summary judgment, once the moving party has carried its burden of showing the absence of any genuine issue of fact as to the existence of a contract between himself and appellee, individually, the responding party has a duty to show that there is a genuine issue of fact or suffer the grant of summary judgment against it. *Levine v. First Bank of Savannah*, 154 Ga. App. 730 (270 SE2d 20) (1980). Appellant failed to meet its duty of showing that there is a genuine issue of fact requiring jury resolution as to Bales' individual liability.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED MAY 26, 1988.

*Anthony O. L. Powell*, for appellant.
*Rollin E. Mallernee II*, for appellee.