A93A1073. PICCADILLY PLACE CONDOMINIUM ASSOCIATION, INC. v. FRANTZ.
(436 SE2d 728)

JOHNSON, Judge.

Piccadilly Place Condominium Association, Inc. brought this action against unit owner Mark Frantz seeking a mandatory injunction and damages in connection with alleged violations of section 7 (f) of the declaration of condominium for Piccadilly Place and OCGA § 44-3-106 (a) (3). Specifically, the association sought a court order requiring Frantz to remove security storm doors and burglar bars which Frantz had installed on the doors and the interior of the windows of

his condominium unit without the prior written approval of the Architectural Control Committee (ACC). Frantz answered, asserted several counterclaims and filed a motion for judgment on the pleadings, which was granted by the trial court. The association appeals.

1. In the motion, Frantz argued that he had obtained the requisite prior approval for the installation of the doors from Joe Shulz, a member of the board of directors of the condominium association and a member of the ACC. This fact was acknowledged by the association at a hearing on the motion, and therefore it is clear that the trial court correctly granted Frantz's motion with regard to the doors. The association's claim with respect to the windows demands closer scrutiny.

It is uncontested that Frantz is an owner of a unit in Piccadilly Place Condominium and therefore is bound by the terms of its declaration which constitutes a set of covenants running with the property. The association seeks to apply the use restriction contained in section 7 (f) of the declaration of condominium to the bars installed on the interior surface of Frantz's windows. That section reads: "No planting or gardening shall be done, and no fences, hedges, or walls shall be erected or maintained upon the property subjected hereto, except such as have been installed in accordance with the initial construction of the buildings located thereon or as approved by the Association's Board of Directors or their designated representative. . . ." The trial court, noting that burglar bars are not fences, hedges or walls, correctly found section 7 (f) inapplicable. As Justice Carley recently stated in his dissent in *Prime Bank v. Galler*, 263 Ga. 286 (430 SE2d 735) (1993), " '[c]ovenants running with the land must be strictly construed and clearly established. . . .' *Columbia Valley Rec. Cntr. v. Massie*, 223 Ga. 151, 152 (1) (154 SE2d 215) (1967)." Id. at 289. Applying that principle to section 7 (f), it clearly does not contemplate burglar bars.

The association asserts, in its single enumeration of error, that the trial court erred by finding that OCGA § 44-3-106 (a) (3) does not give the association the right to control the exterior of a condominium unit. This is a misstatement of the trial court's holding. The trial court found only that "OCGA § 44-3-106 (a) (3) is inapplicable to the present situation." We agree. OCGA § 44-3-106 (a) (3) provides: "Except to the extent prohibited by the condominium instruments and subject to any restrictions and limitations specified therein, the association shall have the power to [g]rant or withhold approval of any action by one or more unit owners or other persons entitled to occupancy of any unit if such action would change the exterior appearance of any unit. . . ."

The trial court found that the installation of burglar bars on the interior of the unit does not affect the unit's exterior appearance be-

cause they are not attached or affixed to the exterior of the unit. The court compared the interior bars to blinds, shutters or curtains which, although they may be *visible* from the outside of the unit, are not part of the exterior, and therefore are not controlled by the statute.[1]

"As a general rule, the owner of land in fee has the right to use the property for any lawful purpose, and any claim that there are restrictions upon such use must be clearly established." (Citations and punctuation omitted.) *Reid v. Standard Oil Co. of Ky.*, 107 Ga. App. 497, 499 (1) (130 SE2d 777) (1963). As with covenants, statutes restricting an owner's use of property must be strictly construed. "Since statutes or ordinances which restrict an owner's right to freely use his property for any lawful purpose are in derogation of the common law, they must be strictly construed and never extended beyond their plain and explicit terms." (Citations and punctuation omitted.) *Fayette County v. Seagraves*, 245 Ga. 196, 197-198 (1) (264 SE2d 13) (1980). OCGA § 44-3-106 (a) (3) constitutes a delegation of authority to the condominium association and must be construed strictly against the party seeking to restrict the use of property. Strictly construing the statute and applying it to the facts of this case, we conclude that the trial court did not err in its interpretation of the statute. Although the burglar bars may have been visible from the outside, they were not an impermissible alteration of the exterior of the unit.

2. Frantz's motion for frivolous appeal sanctions is denied.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 12, 1993 —
RECONSIDERATION DENIED OCTOBER 28, 1993 ▮▮▮▮▮▮

*Weinstock & Scavo, Michael Weinstock, James J. Scavo, Hillard J. Quint,* for appellant.

Mark Frantz, *pro se,* for appellee.

---

[1] The covenants of many condominium and/or homeowner associations contain provisions which allow the association to control alterations to the interior of units. which are *visible* from the outside. Such a use restriction would have achieved the appellant's goal in this case with respect to the interior burglar bars.