A93A1533. GUTHERIE et al. v. FORD EQUIPMENT LEASING COMPANY.
(437 SE2d 482)

JOHNSON, Judge.
Ford Equipment Leasing Company sold a farm at a nonjudicial foreclosure held pursuant to a power of sale contained in a deed to secure debt executed by Thomas Gutherie for a loan made by Ford to Greensboro Lumber Company. The trial court confirmed the sale. In *Gutherie v. Ford Equip. Leasing Co.,* 206 Ga. App. 258, 261 (1) (424 SE2d 889) (1992), this court reversed that confirmation, finding that the trial court improperly considered the "quick sale" value of the property and that there was no other evidence that the property was sold for at least its true market value. On remand, the trial court granted Ford's motion to dismiss the confirmation proceeding and denied Greensboro's motion for a resale of the property under OCGA § 44-14-161 (c). Gutherie and Greensboro appeal, contending that the trial court erred in dismissing the action and refusing to order a resale of the property.

The attempt of Gutherie and Greensboro to force Ford to pursue the confirmation proceeding is improper. "[T]here is no requirement that the foreclosing party initiate proceedings [under OCGA § 44-14-161] to have the sale confirmed. Confirmation is a proceeding which results *only* in the event the sale did not satisfy the underlying debt and a deficiency judgment against the debtor is to be sought. Thus, the public policy behind confirmation proceedings is not to impose an affirmative duty upon the foreclosing party to obtain the true market value of the property; it is to protect the debtor from an action to obtain a deficiency judgment when the property was sold for a sum less than its true market value. [Cit.]" (Emphasis in original.) *Kennedy v. Gwinnett Commercial Bank,* 155 Ga. App. 327, 329 (1) (270 SE2d 867) (1980); see also *Turner v. Commonwealth Mortgage &c. Co.,* 207 Ga. App. 428, 429 (2) (428 SE2d 398) (1993). Ford voluntarily

moved to dismiss the confirmation proceeding it initiated and is not seeking a deficiency judgment against Gutherie and Greensboro. Since Ford is under no duty to pursue a confirmation of the sale, the trial court did not err in granting Ford's motion to dismiss the proceeding. Because the court properly dismissed the action, Gutherie and Greensboro have secured the full benefit of the confirmation statute and cannot use it to force a resale of the property. "If no confirmation is sought or, if sought, is not obtained, the debtor has secured the full benefit of the confirmation statute because his debt is, in effect, extinguished. . . . In our opinion the debtor is entitled to no other form of affirmative relief under the confirmation statute." (Citation omitted.) Id. at 330. The trial court's order granting Ford's motion to dismiss the confirmation proceeding and denying Greensboro's motion for a resale was proper and consistent with our prior decision in this case. See *Gutherie*, 206 Ga. App. 258.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 20, 1993 —
RECONSIDERATION DENIED NOVEMBER 3, 1993

*Lightmas & Delk, Frank A. Lightmas, Jr., William F. Lozier*, for appellants.

*W. Dan Greer*, for appellee.

*Lambert & Roffman, E. R. Lambert*, amicus curiae.