A97A2093. GUTHERIE et al. v. FORD EQUIPMENT LEASING COMPANY.
(498 SE2d 797)

MCMURRAY, Presiding Judge.

Thomas Addison Gutherie, Sr. and Linda L. Gutherie filed this wrongful foreclosure action against Ford Equipment Leasing Company ("FELC") after FELC aborted its action to confirm a foreclosure sale of Thomas Gutherie's farm. Confirmation of this nonjudicial foreclosure sale became unnecessary when Thomas Gutherie discharged his obligation to FELC by entering a consent judgment in a personal property foreclosure action which FELC filed against Thomas Gutherie and his family-owned business, Greensboro Lumber Company ("Greensboro").[1] We affirm summary judgment in favor

---

[1] FELC's real property confirmation action is the subject of appeals in *Gutherie v. Ford Equip. Leasing Co.*, 206 Ga. App. 258 (424 SE2d 889) (*Gutherie I*), and *Gutherie v. Ford Equip. Leasing Co.*, 210 Ga. App. 763 (437 SE2d 482) (*Gutherie II*).

of FELC because the doctrine of estoppel by judgment precludes the Gutheries' claims.

In 1989, FELC loaned Thomas Gutherie a million dollars to update and expand Greensboro's operations. Gutherie, acting as Greensboro's president, secured this loan with Greensboro's equipment, his personal guaranty and a security deed encumbering his farm ("the collateral"). After the loan went into default in 1990, Thomas Gutherie and Greensboro filed for relief in the United States Bankruptcy Court for the Middle District of Georgia, and entered consent orders (the "drop dead" orders) agreeing to pay FELC installments to avoid the bankruptcy court's restoration of FELC's right to sell the collateral upon foreclosure.

When Thomas Gutherie and Greensboro failed to comply with the "drop dead" orders, FELC sold the Gutherie farm at a nonjudicial foreclosure sale in December 1991. Although this sale was confirmed in the Greene County Superior Court, the Court of Appeals of Georgia reversed this judgment in *Gutherie v. Ford Equip. Leasing Co.*, 206 Ga. App. 258, 259 (1), 261 (424 SE2d 889) (*Gutherie I*) because FELC offered no proof that Thomas Gutherie's farm sold for its true market value.

Before this Court remanded *Gutherie I* to the trial court, Thomas Gutherie, acting pro se, entered into a consent judgment ("the consent judgment") resolving a personal property foreclosure action which FELC filed against Greensboro and Thomas Gutherie in the Greene County Superior Court.[2] The consent judgment stipulates the remaining balance of Greensboro's and Gutherie's debt to FELC and forecloses Greensboro's interest in the collateral personal property. Because this collateral's foreclosure sale satisfied Greensboro's and Gutherie's debt, FELC filed a motion to dismiss its pending real property confirmation action. A Greene County Superior Court judge granted this motion and denied Greensboro's OCGA § 44-14-161 (c) motion to order a resale of Gutherie's farm. Gutherie and Greensboro appealed this judgment, but the Court of Appeals of Georgia affirmed in *Gutherie v. Ford Equip. Leasing Co.*, 210 Ga. App. 763, 764 (437 SE2d 482), holding that satisfaction of the underlying debt authorized the trial court's judgment not to order a resale of the Gutherie farm. Compare *Gutherie I* at 261 (2), supra.

Thomas Gutherie and his wife, Linda L. Gutherie, filed this

---

[2] Thomas Gutherie appeared in this proceeding pro se because (according to him) he could not afford another attorney after a bankruptcy court judge required his attorney, Frank A. Lightmas, Jr., to choose between representing Greensboro and Gutherie. While attorney Lightmas chose to represent Greensboro, he later executed the consent judgment on Thomas Gutherie's behalf. Gutherie now contests this authority, but we nonetheless rely on the consent judgment because nothing in the record in the case sub judice indicates that it has been set aside. See OCGA § 9-11-60.

action in the State Court of Fulton County, Georgia, alleging that Greensboro's debt was rendered void because the note was altered by an FELC employee; that FELC improperly compounded interest on this debt; that FELC waived its right to declare Greensboro's promissory note in default by accepting late payments without giving notice of its intention to strictly enforce the loan's provisions; that FELC breached its duty to conduct the Gutherie farm's foreclosure sale fairly and that FELC's wrongful action during this foreclosure sale constituted intentional interference with Greensboro's business operations.

The Gutheries filed this appeal after the trial court granted FELC's motion for summary judgment. *Held*:

The doctrine of estoppel by judgment "has reference to previous litigation between the same parties, based upon a different cause of action. In [such cases, there] is an estoppel by judgment only as to such matters within the scope of the previous pleadings as necessarily had to be adjudicated in order for the previous judgment to be rendered, or as to such matters within the scope of the pleadings as might or might not have been adjudicated, but which are shown by aliunde proof to have been actually litigated and determined. [Cits.]" *Sumner v. Sumner*, 186 Ga. 390 (2) (197 SE 833). Applying these principles in the case sub judice, we observe that Thomas Gutherie was a party to the personal property foreclosure action which FELC filed against Greensboro and Gutherie after the collateral realty's foreclosure sale; that Thomas Gutherie's liability under his personal guaranty was dependent upon the validity of Greensboro's debt to FELC; that Thomas Gutherie thus had standing in FELC's personal property foreclosure action to contest the validity of his guaranty agreement liability, FELC's personal property foreclosure as well as FELC's actions at the Gutherie farm's foreclosure sale, but that Gutherie instead entered into a consent judgment stipulating the balance of his debt, crediting Greensboro and Gutherie with proceeds from his farm's foreclosure sale, and completely discharging his liability to FELC. These circumstances demonstrate that all issues regarding the validity of Greensboro's debt to FELC (and thus Thomas Gutherie's liability), and all issues regarding the validity of the collateral realty's foreclosure sale, are matters which would have necessarily had to have been adjudicated in order for the parties' (Thomas Gutherie, Greensboro and FELC) previous consent judgment to be validly rendered. Consequently, since it is undisputed that Linda L. Gutherie was in privity with her spouse, Thomas Gutherie, during the two foreclosure proceedings at issue (*Olson v. Harveston*, 158 Ga. App. 65, 68 (4) (276 SE2d 54)), we are compelled to hold that the doctrine of estoppel by judgment precludes the Gutheries' claims.

The trial court did not err in granting FELC's motion for summary judgment.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED MARCH 19, 1998.

*Macey, Wilensky, Cohen, Wittner & Kessler, Susan L. Howick, David G. Kopp,* for appellants.

*Sutherland, Asbill & Brennan, Thomas M. Byrne, Amelia T. Rudolph, Harmon, Smith, Bridges & Wilbanks, Tyrone M. Bridges, Marlan B. Wilbanks,* for appellee.